# Jamila Azim v. Marshalls of CA, LLC et al.

## TABLE OF CONTENTS

| Exhibits | Description | Pages |
|----------|-------------|-------|
| **A** | Complaint | 1-32 |
| **B** | Service Packet, Marshall's of CA | 33-72 |
| **C** | Service Packet, Marshall's of MA | 73-112 |
| **D** | Answer | 113-123 |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** MARSHALLS OF CA, LLC; MARSHALLS
**(AVISO AL DEMANDADO):** OF MA, INC.; and DOES 1 through
100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JAMILA AZIM,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2022** at 12:25:44 PM

Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SAN DIEGO COUNTY SUPERIOR COURT<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>(Número del Caso): 37-2022-00043330-CU-WT-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vadim Yeremenko, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403 ........ (818) 783-5757

DATE:
(Fecha) 10/28/2022

Clerk, by _____, Deputy
(Secretario) B. Ramirez (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date):

*Page 1 of 1*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westflaw Doc & Form Builder

**EXHIBIT A - 1**

1  VADIM YEREMENKO, ESQ. (State Bar No. 269804)
   vadimy@mamlaw.net
2  IMRAN RAHMAN, ESQ. (State Bar No. 308148)
   irahman@mamlaw.net
3  ALEX HADJIAN, ESQ. (State Bar No. 327534)
   ahadjian@mamlaw.net
4  **MANCINI & ASSOCIATES**
   15303 Ventura Boulevard, Suite 600
5  Sherman Oaks, CA 91403
   (818) 783-5757  Phone
6  (818) 783-7710  Fax

7  Attorneys for Plaintiff **JAMILA AZIM**

8

                **ELECTRONICALLY FILED**
                Superior Court of California,
                County of San Diego
                **10/26/2022** at 12:25:44 PM
                Clerk of the Superior Court
                By Brenda Ramirez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMILA AZIM, | Case No. 37-2022-00043330-CU-WT-CTL |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES:** |
| *vs.* | |
| MARSHALLS OF CA, LLC; MARSHALLS OF MA, INC.; and DOES 1 through 100, Inclusive, | (1) **FOR PERCEIVED AND/OR NATIONAL ORIGIN HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];** |
| Defendants. | (2) **FOR PERCEIVED AND/OR AGE HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];** |
| | (3) **FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | (4) **FOR DECLARATORY RELIEF [Permanent Injunction Requested];** |
| | **JURY TRIAL DEMANDED** |
| | **UNLIMITED JURISDICTION: CASE VALUE IN EXCESS OF $25,000.00** |

1

**COMES NOW** Plaintiff **JAMILA AZIM** (hereinafter referred to as "AZIM" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, and alleges as follows:

I.

**FIRST CAUSE OF ACTION**

**(For Perceived and/or National Origin**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.    At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of San Diego, State of California.

2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other Defendants as "Defendants") was and now is a Virginia limited liability company, duly registered and licensed to do business in the County of San Diego, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other Defendants as "Defendants") was and now is a Massachusetts corporation, duly registered and licensed to do business in the County of San Diego, State of California.

4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter alleged.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    **EXHIBIT A** - 3

5.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.      At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.      At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

8.      Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

9.      On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

10.     Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

11.     As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

12.     Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          EXHIBIT A - 4

13.     Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

14.     About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

15.     Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

16.     On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter."

17.     On or about February 27, 2021, Plaintiff was notified of the termination.

18.     Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

19.     Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

20.     Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

21.     Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

22.     Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

23.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s).

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 5

24.    From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or national origin, by the following continuous actions, and conduct, among others:

    a.    Subjecting Plaintiff to increased scrutiny and disciplinary actions;

    b.    Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

    c.    On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter;

    d.    Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

    e.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or national origin, as herein alleged;

    f.    Failing to rehire and/or reemploy Plaintiff.

25.    The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq.  Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or national origin and the prohibition of perceived and/or national origin harassment, discrimination and retaliation.  Said statutes were intended to prevent the type of injury and damage herein set forth.  Plaintiff was, at all times material hereto, an employee of Afghan national origin, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or national origin harassment, discrimination and retaliation in employment.

26.    By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed

**PLAINTIFF'S COMPLAINT FOR DAMAGES**    EXHIBIT A - 6

1  to investigate and/or properly investigate, prevent or remedy the perceived and/or national origin

2  harassment, retaliation and discrimination.  The acts of discrimination, retaliation and harassment

3  described herein were sufficiently pervasive so as to alter the conditions of employment, and

4  created an abusive working environment.  When Plaintiff was harassed, discriminated against and

5  retaliated against, Plaintiff's perceived and/or national origin and/or complaints about the unlawful

6  conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

7       27.    Plaintiff filed timely charges and complaints of perceived and/or race harassment,

8  retaliation and discrimination with the California Department of Fair Employment and Housing

9  and has received Notice(s) of  Right to Sue in a California Superior Court pursuant to California

10  Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's administrative remedies

11  under the California Government Code.  Attached hereto and incorporated herein as Exhibit "**A**"

12  are said Complaints and by reference hereto are made a part hereof.   Attached hereto and

13  incorporated herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made

14  a part hereof.

15       28.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

16  each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

17  California Civil Code §3333 including, but not limited to, loss of earnings and future earning

18  capacity, medical and related expenses for care and procedures both now and in the future,

19  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

20  leave of court to amend when ascertained.

21       29.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1

22  through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

23  both internally and externally, and suffered, among other things, numerous internal injuries, severe

24  fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not

25  known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

26  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

27  informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

28  be permanent in character.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 7

30.     As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

31.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

32.     As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

33.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

34.     The aforementioned acts of Defendants, and DOES 1 through 100, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          EXHIBIT A - 8

35.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California <u>Government Code</u> § 12965(b).

## II.

## SECOND CAUSE OF ACTION

### (For Perceived and/or Age

### Harassment, Discrimination and Retaliation in Employment

### [California <u>Government Code</u> §12940 et seq.]

### Against All Defendants and DOES 1 Through 100, Inclusive)

36.    Plaintiff incorporates herein by reference Paragraphs 1 through 35 as though set forth in full herein.

37.    At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

38.    At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

39.    Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

40.    On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

41.    Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

42.    As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    EXHIBIT A - 9

43.     Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

44.     Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

45.     About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

46.     Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

47.     On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter."

48.     On or about February 27, 2021, Plaintiff was notified of the termination.

49.     Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

50.     Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

51.     Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

52.     Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

53.     Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 10

54.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s).

55.    From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or age, over forty (40), by the following continuous actions, and conduct, among others:

a.    Subjecting Plaintiff to increased scrutiny and disciplinary actions;

b.    Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

c.    On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter;

d.    Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

e.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or age, as herein alleged;

f.    Failing to rehire and/or reemploy Plaintiff.

56.    The acts and conduct of Defendants, and each of them, as aforesaid, were in violation of California Government Code §12940 and 12941 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or age and the prohibition of perceived and/or age harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee over the age of forty (40), and within the protected class covered by California Government Code §12940 and 12941, prohibiting perceived and/or age harassment, discrimination

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 11

1    and retaliation in employment.

2        57.    By the acts and conduct described above, Defendants, and each of them, in violation

3    of said statutes, knew about, or should have known about, and failed to investigate and/or properly

4    investigate, prevent or remedy the perceived and/or age harassment, retaliation and discrimination.

5    The acts of discrimination, retaliation and harassment described herein were sufficiently severe

6    and/or pervasive so as to alter the conditions of employment, and created an abusive working

7    environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

8    perceived and/or age and/or complaints about the unlawful conduct was a substantial factor

9    motivating Defendants' conduct, and/or a motivating reason in Defendants' conduct.

10        58.    Plaintiff filed  timely charges and complaints of perceived and/or age harassment,

11    retaliation and discrimination with the California Department of Fair Employment and Housing

12    and has received Notice(s) of  Right to Sue in a California Superior Court pursuant to California

13    Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's administrative remedies

14    under the California Government Code.  Attached hereto and incorporated herein as Exhibit "**A**"

15    are said Complaints and by reference hereto are made a part hereof.   Attached hereto and

16    incorporated herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made

17    a part hereof.

18        59.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

19    each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

20    California Civil Code §3333 including, but not limited to, loss of earnings and future earning

21    capacity, medical and related expenses for care and procedures both now and in the future,

22    attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

23    leave of court to amend when ascertained.

24        60.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1

25    through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

26    both internally and externally, and suffered, among other things, numerous internal injuries, severe

27    fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not

28    known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 12

1  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is
2  informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to
3  be permanent in character.

4    61.    As a further legal result of the acts and omissions of Defendants, and DOES 1
5  through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-
6  rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes,
7  and thereon alleges, that he will in the future be forced to incur additional expenses of the same
8  nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the
9  exact amount of said expenses at the time of trial.

10    62.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
11  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and
12  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
13  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
14  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of
15  loss of earnings at the time of trial.

16    63.    As a further direct and legal result of the acts and conduct of Defendants, and DOES
17  1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and
18  continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,
19  embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said
20  injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they
21  are ascertained.

22    64.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of
23  this court.

24    65.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of
25  them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in
26  wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by
27  managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and
28  with the express knowledge, consent, and ratification of managerial agents and employees

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of

2  punitive and exemplary damages in an amount to be determined at the time of trial.

3       66.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

4  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

5  suit as specifically provided in California <u>Government Code</u> § 12965(b).

6                                  **III.**

7                      **<u>THIRD CAUSE OF ACTION</u>**

8       **(For Retaliation and Wrongful Termination in Violation of Public Policy**

9             **Against All Defendants and DOES 1 -100, Inclusive)**

10      67.    Plaintiff incorporates herein by reference Paragraphs 1 through 66 as though set

11  forth in full herein.

12      68.    At all times herein mentioned, the public policy of the State of California, as

13  codified, expressed and mandated in California <u>Government Code</u> §12940 was to prohibit

14  employers from discriminating, harassing, and retaliating against any individual based on

15  perceived and/or national origin.  This public policy of the State of California is designed to protect

16  all employees and to promote the welfare and well-being of the community at large.  Accordingly,

17  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

18  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

19  discrimination, retaliation and  harassment, was wrongful and in contravention and violation of the

20  express public policy of the State of California, to wit, the policy set forth in California

21  <u>Government Code</u> §12940 et seq., and the laws and regulations promulgated thereunder.

22      69.    At all times herein mentioned, the public policy of the State of California, as

23  codified, expressed and mandated in California <u>Government Code</u> §12940 was to prohibit

24  employers from discriminating, harassing, and retaliating against any individual based on

25  perceived and/or age (over 40).  This public policy of the State of California is designed to protect

26  all employees and to promote the welfare and well-being of the community at large.  Accordingly,

27  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

28  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          EXHIBIT A - 14

1  discrimination, retaliation and harassment, was wrongful and in contravention and violation of the

2  express public policy of the State of California, to wit, the policy set forth in California

3  Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

4      70.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100,

5  inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages

6  pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future

7  earning capacity, medical and related expenses for care and procedures both now and in the future,

8  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

9  leave of court to amend when ascertained.

10     71.    As a direct and legal result of the acts and omissions of Defendants and DOES 1

11  through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

12  disordered, both internally and externally, and suffered, among other things, numerous internal

13  injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

14  injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are

15  ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,

16  but is informed and believes, and thereon alleges, that some of the said injuries are reasonably

17  certain to be permanent in character.

18     72.    As a further legal result of the acts and omissions of Defendants and DOES 1

19  through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

20  care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

21  believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the

22  same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

23  show the exact amount of said expenses at the time of trial.

24     73.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

25  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

26  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

27  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

28  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    EXHIBIT A - 15

1  loss of earnings at the time of trial.

2      74.    As a further direct and legal result of the acts and conduct of Defendants and DOES

3  1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,

4  and continues to suffer severe and permanent emotional and mental distress and anguish,

5  humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and

6  extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the

7  same when they are ascertained.

8      75.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

9  this court.

10      76.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

11  each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

12  done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done

13  by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

14  of them, and with the express knowledge, consent, and ratification of managerial agents and

15  employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

16  the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

17      77.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

18  inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

19  costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

20                                    **IV.**

21                        **FOURTH CAUSE OF ACTION**

22      **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

23      78.    Plaintiff incorporates herein by reference Paragraphs 1 through77 as though set

24  forth in full herein.

25      79.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

26  trial and verdict  in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

27  Declaration of Rights and Duties pursuant to the recent ruling in *Harris  v. City of Santa Monica*,

28  (2013) 56 C.4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 16

them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

80.   At the time of the request for Declaratory Relief, there exists and/or will exist a present and actual controversy among the parties.

81.   This Complaint, and the relevant causes of action herein, specifically plead an actual, present controversy, and the facts of the respective and underlying claims.

82.   At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

83.   As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

84.   As a result of the wrongful conduct of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris  v. City of Santa Monica*, (2013) 56 C.4th 203.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**    EXHIBIT A - 17

1    **WHEREFORE**, Plaintiff **JAMILA AZIM**, prays for judgment against the Defendants and

2  DOES 1 through 100, inclusive, and each of them, as follows:

3          1.    For general damages in an amount within the jurisdictional limits of this

4                Court;

5          2.    For medical expenses and related items of expense, according to proof;

6          3.    For loss of earnings, according to proof;

7          4.    For loss of earning capacity, according to proof;

8          5.    For reasonable attorneys' fees and costs of said suit as specifically provided

9                in California Government Code §12965(b), according to proof;

10         6.    For reasonable attorneys' fees and costs of said suit as specifically provided

11               in California Code of Civil Procedure §1021.5, according to proof;

12         7.    For a permanent injunction against Defendants, and each of them, their

13               successors, agents, representatives, employees and all persons who acted

14               alone, or in concert with said Defendants, and each of them, from

15               committing acts and conduct of harassment, discrimination, retaliation, or

16               other similar acts including, but not limited to, the violations alleged in all of

17               the relevant Causes of Action herein, and as proved and/or shown at the time

18               of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment

19               and Housing Act, California Government Code §§12900 - 12996, and any

20               other applicable laws, cases, codes, regulations and statutes;

21         8.    For reasonable attorneys' fees and costs of said suit as specifically provided

22               in California Government Code §12965(b) and as specifically mentioned in

23               *Harris  v. City of Santa Monica*, (2013) 56 C.4th 203;

24         9.    For prejudgment interest according to proof;

25         10.   For punitive and exemplary damages, according to proof;

26  ///

27  ///

28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    EXHIBIT A - 18

11.    For costs of suit incurred herein; and

12.    For such other and further relief as the court may deem just and proper.

Dated: October 26, 2022

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**JAMILA AZIM**

## DEMAND FOR JURY TRIAL

Plaintiff **JAMILA AZIM** hereby demands trial by jury.

Dated: October 26, 2022

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**JAMILA AZIM**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**    EXHIBIT A - 19

# EXHIBIT "A"

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jamila Azim

DFEH No. 202111-15287503

                    Complainant,

vs.

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

                    Respondents

---

**1.** Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

**3.** Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA.**

**4.** Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT A - 21

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** From about January 1, 2021 and continuing at least through February 25, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or national origin (Afghanistan) and age (60).

-2-
*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

**EXHIBIT A - 22**

1  VERIFICATION

2  I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint.  I have read

3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4  On November 3, 2021, I declare under penalty of perjury under the laws of the State

5  of California that the foregoing is true and correct.

6                                                              **Sherman Oaks, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            -3-
                                   *Complaint – DFEH No. 202111-15287503*

27  Date Filed: November 3, 2021

28
                                                          DFEH-ENF 80 RS

**EXHIBIT A - 23**

# EXHIBIT "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 3, 2021

Jamila Azim
1339 Nicolette Ave., Unit 1111
Chula Vista, CA 91913

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202111-15287503
       Right to Sue: Azim / Marshalls of CA, LLC et al.

Dear Jamila Azim:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 3, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

**EXHIBIT A - 25**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

DFEH-ENF 80 RS

EXHIBIT A - 26



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

November 3, 2021

RE:  **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202111-15287503
      Right to Sue: Azim / Marshalls of CA, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

**EXHIBIT A - 27**

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jamila Azim                                                        DFEH No. 202111-15287503

                        Complainant,

vs.

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

                        Respondents

---

**1.** Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

**3.** Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA.**

**4.** Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT A - 28

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** From about January 1, 2021 and continuing at least through February 25, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or national origin (Afghanistan) and age (60).

-2-
*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

**EXHIBIT A - 29**

1  VERIFICATION

2  I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4  On November 3, 2021, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                          **Sherman Oaks, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                   -3-
26                    *Complaint – DFEH No. 202111-15287503*

27  Date Filed: November 3, 2021

28
                                                   DFEH-ENF 80 RS

                                          **EXHIBIT A - 30**

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On **November 4, 2021**, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by certified mail, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on **November 4, 2021**, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
HERMINA AVAKIAN

EXHIBIT A - 31

<u>MAILING LIST</u>

Marshalls of CA, LLC
310 E. H Street
Chula Vista, CA 91911

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of CA, LLC
c/o CT Corporation
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Marshalls of MA, Inc.
310 E. H Street
Chula Vista, CA 91911

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
c/o CT Corporation
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Georgina Krotje
The TJX Companies, Inc.
770 COCHITUATE RD
FRAMINGHAM, MA 01701-4666

**RE:**    **Process Served in California**

**FOR:**    Marshalls of CA, LLC  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JAMILA AZIM // To: Marshalls of CA, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | San Diego County Superior Court, CA<br>Case # 37202200043330CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/25/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/09/2022 at 13:44 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Vadim Yeremenko<br>MANCINI & ASSOCIATES<br>15303 Ventura Blvd<br>Suite 600<br>Sherman Oaks, CA 91403<br>818-783-5757 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/09/2022, Expected Purge Date: 11/14/2022<br><br>Image SOP<br><br>Email Notification,  Georgina Krotje  georgina_krotje@tjx.com<br><br>Email Notification,  James Evans  james_evans@tjx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

**EXHIBIT B - 33**

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
11/09/2022
CT Log Number 542651701

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT B - 34

Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Wed, Nov 9, 2022
**Server Name:**                             Ramiro Saucedo

| Entity Served | MARSHALLS OF CA, LLC |
|---|---|
| Case Number | 37-2022-00043330-CU-WT-CTL |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



EXHIBIT B - 35

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** MARSHALLS OF CA, LLC; MARSHALLS
*(AVISO AL DEMANDADO):* OF MA, INC.; and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JAMILA AZIM,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2022** at 12:25:44 PM

Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN DIEGO COUNTY SUPERIOR COURT
330 West Broadway
San Diego, California 92101

**CASE NUMBER:**
*(Número del Caso)* 37-2022-00043330-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vadim Yeremenko, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403          (818) 783-5757

DATE:  10/28/2022          Clerk, by _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MARSHALLS OF CA, LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☒ other *(specify):* entity form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

**EXHIBIT B - 36**

1  VADIM YEREMENKO, ESQ. (State Bar No. 269804)
   vadimy@mamlaw.net
2  IMRAN RAHMAN, ESQ. (State Bar No. 308148)
   irahman@mamlaw.net
3  ALEX HADJIAN, ESQ. (State Bar No. 327534)
   ahadjian@mamlaw.net
4  MANCINI & ASSOCIATES
   15303 Ventura Boulevard, Suite 600
5  Sherman Oaks, CA 91403
   (818) 783-5757  Phone
6  (818) 783-7710  Fax

7  Attorneys for Plaintiff JAMILA AZIM

8

9

10

11  JAMILA AZIM,

12           Plaintiff,

13        vs.

14

15  MARSHALLS OF CA, LLC;
    MARSHALLS OF MA, INC.;
16  and DOES 1 through 100, Inclusive

17           Defendants.

18

19

20

21

22

23

24

25

26

27

28

---

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/26/2022** at 12:25:44 PM
Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

---

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

Case No.: 37-2022-00043330-CU-WT-CTL

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

(1)  **FOR PERCEIVED AND/OR NATIONAL ORIGIN HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];**

(2)  **FOR PERCEIVED AND/OR AGE HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];**

(3)  **FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

(4)  **FOR DECLARATORY RELIEF [Permanent Injunction Requested];**

**JURY TRIAL DEMANDED**

**UNLIMITED JURISDICTION CASE VALUE IN EXCESS OF $25,000.00**

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT B - 37

1    **COMES NOW** Plaintiff **JAMILA AZIMI** (hereinafter referred to as "AZIMI" or

2    "Plaintiff") and complains against the above named Defendants and for causes of action against the

3    Defendants, and each of them, and alleges as follows:

4                                       I.

5                       **FIRST CAUSE OF ACTION**

6             **(For Perceived and/or National Origin**

7      **Harassment, Discrimination and Retaliation in Employment**

8          **[California Government Code §12940 et seq.]**

9        **Against All Defendants and DOES 1 Through 100, Inclusive)**

10      1.    At all times mentioned herein, Plaintiff was, and now is, an individual

11  residing in the County of San Diego, State of California.

12      2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

13  herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other

14  Defendants as "Defendants") was and now is a Virginia limited liability company, duly registered

15  and licensed to do business in the County of San Diego, State of California.

16      3.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

17  herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other

18  Defendants as "Defendants") was and now is a Massachusetts corporation, duly registered and

19  licensed to do business in the County of San Diego, State of California.

20      4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

21  successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 -

22  100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

23  Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

24  the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

25  believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

26  responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

27  hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter

28  alleged.

EXHIBIT B - 39

5.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.      At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.      At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

8.      Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

9.      On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

10.     Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

11.     As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

12.     Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 39

13.    Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

14.    About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

15.    Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

16.    On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter."

17.    On or about February 27, 2021, Plaintiff was notified of the termination.

18.    Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

19.    Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

20.    Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

21.    Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

22.    Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s).

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

24. From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or national origin, by the following continuous actions, and conduct, among others:

    a.   Subjecting Plaintiff to increased scrutiny and disciplinary actions;

    b.   Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

    c.   On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter;

    d.   Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

    e.   Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or national origin, as herein alleged;

    f.   Failing to rehire and/or reemploy Plaintiff.

25. The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or national origin and the prohibition of perceived and/or national origin harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee of Afghan national origin, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or national origin harassment, discrimination and retaliation in employment.

26. By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT B - 41

1    to investigate and/or properly investigate, prevent or remedy the perceived and/or national origin
2    harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment
3    described herein were sufficiently pervasive so as to alter the conditions of employment, and
4    created an abusive working environment. When Plaintiff was harassed, discriminated against and
5    retaliated against, Plaintiff's perceived and/or national origin and/or complaints about the unlawful
6    conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

7        27.    Plaintiff filed timely charges and complaints of perceived and/or race harassment,
8    retaliation and discrimination with the California Department of Fair Employment and Housing
9    and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California
10   Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies
11   under the California Government Code. Attached hereto and incorporated herein as Exhibit "A"
12   are said Complaints and by reference hereto are made a part hereof. Attached hereto and
13   incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made
14   a part hereof.

15       28.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and
16   each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to
17   California Civil Code §3333 including, but not limited to, loss of earnings and future earning
18   capacity, medical and related expenses for care and procedures both now and in the future,
19   attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek
20   leave of court to amend when ascertained.

21       29.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1
22   through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,
23   both internally and externally, and suffered, among other things, numerous internal injuries, severe
24   fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not
25   known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.
26   Plaintiff does not at this time know the exact duration or permanence of said injuries, but is
27   informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to
28   be permanent in character.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 42

30.    As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

31.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

32.    As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

33.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

34.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

///

-7-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 43

35.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

II.

**SECOND CAUSE OF ACTION**

**(For Perceived and/or Age**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

36.    Plaintiff incorporates herein by reference Paragraphs 1 through 35 as though set forth in full herein.

37.    At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants, and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

38.    At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

39.    Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

40.    On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

41.    Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

42.    As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

43.    Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

44.    Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

45.    About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

46.    Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

47.    On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter."

48.    On or about February 27, 2021, Plaintiff was notified of the termination.

49.    Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

50.    Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

51.    Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

52.    Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

53.    Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT B   45

54.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s).

55.    From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or age, over forty (40), by the following continuous actions, and conduct, among others:

a.    Subjecting Plaintiff to increased scrutiny and disciplinary actions;

b.    Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

c.    On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's 'shoplifting apprehension policy' which 'strictly prohibits trying to stop or impede a potential shoplifter;

d.    Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

e.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or age, as herein alleged;

f.    Failing to rehire and/or reemploy Plaintiff.

56.    The acts and conduct of Defendants, and each of them, as aforesaid, were in violation of California Government Code §12940 and 12941 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or age and the prohibition of perceived and/or age harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee over the age of forty (40), and within the protected class covered by California Government Code §12940 and 12941, prohibiting perceived and/or age harassment, discrimination

10

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   and retaliation in employment.

2       57.     By the acts and conduct described above, Defendants, and each of them, in violation

3   of said statutes, knew about, or should have known about, and failed to investigate and/or properly

4   investigate, prevent or remedy the perceived and/or age harassment, retaliation and discrimination.

5   The acts of discrimination, retaliation and harassment described herein were sufficiently severe

6   and/or pervasive so as to alter the conditions of employment, and created an abusive working

7   environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

8   perceived and/or age and/or complaints about the unlawful conduct was a substantial factor

9   motivating Defendants' conduct, and/or a motivating reason in Defendants' conduct.

10      58.     Plaintiff filed timely charges and complaints of perceived and/or age harassment,

11  retaliation and discrimination with the California Department of Fair Employment and Housing

12  and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California

13  Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's administrative remedies

14  under the California Government Code.  Attached hereto and incorporated herein as Exhibit "A"

15  are said Complaints and by reference hereto are made a part hereof.  Attached hereto and

16  incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made

17  a part hereof.

18      59.     By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

19  each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

20  California Civil Code §3333 including, but not limited to, loss of earnings and future earning

21  capacity, medical and related expenses for care and procedures both now and in the future,

22  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

23  leave of court to amend when ascertained.

24      60.     As a direct and legal result of the acts and omissions of Defendants, and DOES 1

25  through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

26  both internally and externally, and suffered, among other things, numerous internal injuries, severe

27  fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not

28  known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 47

1   Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

2   informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

3   be permanent in character.

4       61.   As a further legal result of the acts and omissions of Defendants, and DOES 1

5   through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-

6   rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes,

7   and thereon alleges, that he will in the future be forced to incur additional expenses of the same

8   nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the

9   exact amount of said expenses at the time of trial.

10      62.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

11  since said incidents, has been unable to engage fully in Plaintiff's occupation, and is informed and

12  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

13  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

14  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

15  loss of earnings at the time of trial.

16      63.   As a further direct and legal result of the acts and conduct of Defendants, and DOES

17  1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and

18  continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,

19  embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

20  injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they

21  are ascertained.

22      64.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of

23  this court.

24      65.   The aforementioned acts of Defendants, and DOES 1 through 100, and each of

25  them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in

26  wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

27  managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and

28  with the express knowledge, consent, and ratification of managerial agents and employees

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 48

1  Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of

2  punitive and exemplary damages in an amount to be determined at the time of trial.

3      66.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

4  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

5  suit as specifically provided in California Government Code §12965(b).

6                  III.

7             **THIRD CAUSE OF ACTION**

8     **(For Retaliation and Wrongful Termination in Violation of Public Policy**

9        **Against All Defendants and DOES 1 -100, Inclusive)**

10      67.    Plaintiff incorporates herein by reference Paragraphs 1 through 66 as though set

11  forth in full herein.

12      68.    At all times herein mentioned, the public policy of the State of California, as

13  codified, expressed and mandated in California Government Code §12940 was to prohibit

14  employers from discriminating, harassing, and retaliating against any individual based on

15  perceived and/or national origin. This public policy of the State of California is designed to protect

16  all employees and to promote the welfare and well-being of the community at large. Accordingly,

17  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

18  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

19  discrimination, retaliation and harassment, was wrongful and in contravention and violation of the

20  express public policy of the State of California, to wit: the policy set forth in California

21  Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

22      69.    At all times herein mentioned, the public policy of the State of California, as

23  codified, expressed and mandated in California Government Code §12940 was to prohibit

24  employers from discriminating, harassing, and retaliating against any individual based on

25  perceived and/or age (over 40). This public policy of the State of California is designed to protect

26  all employees and to promote the welfare and well-being of the community at large. Accordingly,

27  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

28  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  discrimination, retaliation and harassment, was wrongful and in contravention and violation of the

2  express public policy of the State of California, to wit, the policy set forth in California

3  Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

4       70.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100,

5  inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages

6  pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future

7  earning capacity, medical and related expenses for care and procedures both now and in the future,

8  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

9  leave of court to amend when ascertained.

10       71.    As a direct and legal result of the acts and omissions of Defendants and DOES 1

11  through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

12  disordered, both internally and externally, and suffered, among other things, numerous internal

13  injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

14  injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are

15  ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,

16  but is informed and believes, and thereon alleges, that some of the said injuries are reasonably

17  certain to be permanent in character.

18       72.    As a further legal result of the acts and omissions of Defendants and DOES 1

19  through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

20  care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

21  believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the

22  same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

23  show the exact amount of said expenses at the time of trial.

24       73.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

25  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

26  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

27  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

28  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT B - 50

1 loss of earnings at the time of trial.

2     74.    As a further direct and legal result of the acts and conduct of Defendants and DOES

3 1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,

4 and continues to suffer severe and permanent emotional and mental distress and anguish,

5 humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and

6 extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the

7 same when they are ascertained.

8     75.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

9 this court.

10     76.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

11 each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

12 done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done

13 by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

14 of them, and with the express knowledge, consent, and ratification of managerial agents and

15 employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

16 the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

17     77.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

18 inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

19 costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

20 **IV.**

21 **FOURTH CAUSE OF ACTION**

22 **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

23     78.    Plaintiff incorporates herein by reference Paragraphs 1 through77 as though set

24 forth in full herein.

25     79.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

26 trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

27 Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*,

28 (2013) 56 C.4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

15

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  them, their successors, agents, representatives, employees and all persons who acted alone, or in

2  concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed

3  acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not

4  limited to the violations alleged in all of the relevant Causes of Action herein, and as proved

5  and/or shown at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair

6  Employment and Housing Act, California Government Code §§12900 - 12996, and any other

7  applicable laws, cases, codes, regulations and statutes.

8    80.    At the time of the request for Declaratory Relief, there exists and/or will exist a

9  present and actual controversy among the parties.

10    81.    This Complaint, and the relevant causes of action herein, specifically plead an

11  actual, present controversy, and the facts of the respective and underlying claims.

12    82.    At the time of the request for Declaratory Relief, the facts of this case will have

13  congealed to the point that the Court can determine issues and grant relief through Declaratory

14  Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

15    83.    As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive,

16  and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling

17  permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their

18  successors, agents, representatives, employees and all persons who acted alone, or in concert with

19  said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and,

20  conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited

21  to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown

22  at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair Employment and

23  Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases,

24  codes, regulations and statutes.

25    84.    As a result of the wrongful conduct of Defendants and DOES 1 through 100,

26  inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

27  costs of said suit as specifically provided in California Government Code § 12965(b) and as

28  specifically mentioned in *Harris v. City of Santa Monica* (2013) 56 C 4th 203.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B  52

**WHEREFORE**, Plaintiff **JAMILA AZIM**, prays for judgment against the Defendants and DOES 1 through 100, inclusive, and each of them, as follows:

1.    For general damages in an amount within the jurisdictional limits of this Court;

2.    For medical expenses and related items of expense, according to proof;

3.    For loss of earnings, according to proof;

4.    For loss of earning capacity, according to proof;

5.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b), according to proof;

6.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.    For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

9.    For prejudgment interest according to proof;

10.    For punitive and exemplary damages, according to proof;

////

////

////

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 53

11.  For costs of suit incurred herein; and

12.  For such other and further relief as the court may deem just and proper.

Dated: October 26, 2022

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**JAMILA AZIM**

## DEMAND FOR JURY TRIAL

Plaintiff **JAMILA AZIM** hereby demands trial by jury.

Dated: October 26, 2022

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**JAMILA AZIM**

18

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 54



## COMPLAINT OF EMPLOYMENT DISCRIMINATION
### BEFORE THE STATE OF CALIFORNIA
### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of

Jamila Azim

DFEH No. 202111-15287503

Complainant,

vs.

Marshalls of CA, LLC,
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Respondents

1. Respondent **Marshalls of CA, LLC** is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

3. Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA**.

4. Complainant alleges that on or about **February 25, 2021** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

1    **Complainant experienced retaliation** because complainant reported or resisted any form
2    of discrimination or harassment and as a result was terminated, reprimanded, suspended,
     denied any employment benefit or privilege, denied work opportunities or assignments.

3
     **Additional Complaint Details:** From about January 1, 2021 and continuing at least through
4    February 25, 2021 and continuing, I was harassed, discriminated against and retaliated
     against based on my perceived and/or national origin (Afghanistan) and age (60).

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
                                              -2-
27                             *Complaint – DFEH No. 202111-15287503*

28   Date Filed: November 3, 2021

                                                              DFEH-ENF 80 RS

1  VERIFICATION

2  I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read
   the foregoing complaint and know the contents thereof. The matters alleged are
3  based on information and belief, which I believe to be true.

4  On November 3, 2021, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.
5

6                                                          Sherman Oaks, California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        -3-
                   Complaint – DFEH No. 202111-15287503
27

   Date Filed: November 3, 2021
28

                                                        DFEH-ENF 80 RS

EXHIBIT B - 58

# EXHIBIT "B"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 3, 2021

Jamila Azim
1339 Nicolette Ave., Unit 1111
Chula Vista, CA 91913

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202111-15287503
Right to Sue: Azim / Marshalls of CA, LLC et al.

Dear Jamila Azim:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 3, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 3, 2021

RE:  **Notice of Filing of Discrimination Complaint**
     DFEH Matter Number: 202111-15287503
     Right to Sue: Azim / Marshalls of CA, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

[DFEH-ENF 80 RS]

**EXHIBIT B - 62**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of

Jamila Azim

DFEH No. 202111-15287503

Complainant,

vs.

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Respondents

1. Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, §12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s)

3. Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA**.

4. Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** From about January 1, 2021 and continuing at least through February 25, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or national origin (Afghanistan) and age (60).

-2-
Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT B - 64

## VERIFICATION

I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On November 3, 2021, I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Sherman Oaks, California,

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

-3-

DFEH-ENF 80 RS

EXHIBIT B - 65

PROOF OF SERVICE

STATE OF CALIFORNIA  )
          ) ss.
COUNTY OF LOS ANGELES )

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

  On **November 4, 2021**, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by certified mail, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

  Executed on **November 4, 2021**, at Sherman Oaks, California.
  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HERMINA AVAKIAN

## MAILING LIST

1

2   Marshalls of CA, LLC
3   310 E. H Street
    Chula Vista, CA 91911

4

5   Marshalls of CA, LLC
    770 Cochituate Road
6   Framingham, MA 01701

7   Marshalls of CA, LLC
8   c/o CT Corporation
    330 N. Brand Blvd., Suite 700
9   Glendale, CA 91203

10  Marshalls of MA, Inc.
11  310 E. H Street
    Chula Vista, CA 91911

12

13  Marshalls of MA, Inc.
    770 Cochituate Road
14  Framingham, MA 01701

15  Marshalls of MA, Inc.
16  c/o CT Corporation
    330 N. Brand Blvd., Suite 700
17  Glendale, CA 91203

18

19

20

21

22

23

24

25

26

27

28

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7064 |

PLAINTIFF(S) / PETITIONER(S):   Jamila Azim

DEFENDANT(S) / RESPONDENT(S):   Marshalls of CA LLC et al.

AZIM VS MARSHALLS OF CA LLC [IMAGED]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE** (CIVIL) | CASE NUMBER: 37-2022-00043330-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: John S. Meyer                                    Department: C-64

**COMPLAINT/PETITION FILED:** 10/26/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/07/2023 | 10:00 am | C-64 | John S. Meyer |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. §1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.16). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

| SDSC CIV-721 (Rev. 04-21) | **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE** (CIVIL) | Page: 1 |
|---|---|---|

EXHIBIT B - 68

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's Imaging Program. This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

Page: 2

**EXHIBIT B - 69**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |

FOR COURT USE ONLY

PLAINTIFF(S):  Jamila Azim

DEFENDANT(S): Marshalls of CA LLC et.al.,

SHORT TITLE:  AZIM VS MARSHALLS OF CA LLC [IMAGED]

### STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)

CASE NUMBER:
37-2022-00043330-CU-WT-CTL

Judge: John S. Meyer

Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)　　　　　　☐ Non-binding private arbitration

☑ Mediation (private)　　　　　　　　　　　☑ Binding private arbitration

☑ Voluntary settlement conference (private)　☑ Non-binding judicial arbitration (discovery until 15 days before trial)

☑ Neutral evaluation (private)　　　　　　　☑ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.):

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)

Alternate neutral (for court Civil Mediation Program and arbitration only):

| | |
|---|---|
| Date: | Date: |
| Name of Plaintiff | Name of Defendant |
| Signature | Signature |
| Name of Plaintiff's Attorney | Name of Defendant's Attorney |
| Signature | Signature |

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/28/2022

JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

Page: 1

EXHIBIT B - 70



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00043330-CU-WT-CTL    CASE TITLE: Azim vs Marshalls of CA LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
    (3) the Notice of Case Assignment form (SDSC form #CIV-721)

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT B - 71

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

EXHIBIT B - 72



**CT Corporation**
**Service of Process Notification**
11/09/2022
CT Log Number 542651772

## Service of Process Transmittal Summary

**TO:**   Georgina Krotje
The TJX Companies, Inc.
770 COCHITUATE RD
FRAMINGHAM, MA 01701-4666

**RE:**   **Process Served in California**

**FOR:**   Marshalls of MA, Inc.  (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Jamila Azim // To: Marshalls of MA, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | San Diego County Superior Court, CA<br>Case # 37202200043330CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/09/2022 at 13:44 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Vadim Yeremenko<br>MANCINI & ASSOCIATES<br>15303 Ventura Blvd<br>Sherman Oaks, CA 91403<br>818-783-5757 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/09/2022, Expected Purge Date: 11/14/2022<br><br>Image SOP<br><br>Email Notification,  Georgina Krotje  georgina_krotje@tjx.com<br><br>Email Notification,  James Evans  james_evans@tjx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

**EXHIBIT C - 73**

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
11/09/2022
CT Log Number 542651772

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT C - 74



**Wolters Kluwer**

## PROCESS SERVER DELIVERY DETAILS

**Date:**                                   Wed, Nov 9, 2022
**Server Name:**                            Ramiro Saucedo

| Entity Served | MARSHALLS OF MA, INC. |
|---|---|
| Case Number | 37-2022-00043330-CU-WT-CTL |
| Jurisdiction | CA |

| Inserts |
|---|
|  |

EXHIBIT C - 75

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**10/26/2022** at 12:25:44 PM<br>Clerk of the Superior Court<br>By Brenda Ramirez,Deputy Clerk |

**NOTICE TO DEFENDANT:** MARSHALLS OF CA, LLC; MARSHALLS
*(AVISO AL DEMANDADO):* OF MA, INC.; and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JAMILA AZIM,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN DIEGO COUNTY SUPERIOR COURT<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número del Caso).* 37-2022-00043330-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vadim Yeremenko, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403          (818) 783-5757

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* 10/28/2022 | Clerk, by<br>*(Secretario)* *Bivens*<br>B. Ramirez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MARSHALLS OF MA, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

**EXHIBIT C - 76**

1  VADIM YEREMENKO, ESQ. (State Bar No. 269804);
   vadimy@mamlaw.net
2  IMRAN RAHMAN, ESQ. (State Bar No. 308148);
   irahman@mamlaw.net
3  ALEX HADJIAN, ESQ. (State Bar No. 327534)
   ahadjian@mamlaw.net
4  **MANCINI & ASSOCIATES**
   15303 Ventura Boulevard, Suite 600,
5  Sherman Oaks, CA 91403
   (818) 783-5757  Phone
6  (818) 783-7710  Fax

7  Attorneys for Plaintiff **JAMILA AZIM**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2022** at 12:25:44 PM
Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| 11  JAMILA AZIM, | Case No.: 37-2022-00043330-CU-WT-CTL |
| 12  Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES:** |
| 13  vs. | |
| 14  | (1)  **FOR PERCEIVED AND/OR NATIONAL ORIGIN HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];** |
| 15  MARSHALLS OF CA, LLC; MARSHALLS OF MA, INC.; and DOES 1 through 100, Inclusive, | |
| 16  | |
| 17  Defendants. | |
| 18  | (2)  **FOR PERCEIVED AND/OR AGE HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];** |
| 19  | |
| 20  | |
| 21  | |
| 22  | (3)  **FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| 23  | |
| 24  | |
| 25  | (4)  **FOR DECLARATORY RELIEF [Permanent Injunction Requested];** |
| 26  | |
| 27  | **JURY TRIAL DEMANDED** |
| 28  | **UNLIMITED JURISDICTION CASE VALUE IN EXCESS OF $25,000.00** |

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**EXHIBIT C - 77**

**COMES NOW** Plaintiff **JAMILA AZIM** (hereinafter referred to as "AZIM" or

"Plaintiff") and complains against the above-named Defendants and for causes of action against the

Defendants, and each of them, and alleges as follows:

I.

**FIRST CAUSE OF ACTION**

**(For Perceived and/or National Origin**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.    At all times mentioned herein, Plaintiff was, and now is, an individual

residing in the County of San Diego, State of California.

2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other

Defendants as "Defendants") was and now is a Virginia limited liability company, duly registered

and licensed to do business in the County of San Diego, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other

Defendants as "Defendants") was and now is a Massachusetts corporation, duly registered and

licensed to do business in the County of San Diego, State of California.

4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1

100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter

alleged.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 78

5.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.    At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.    At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

8.    Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

9.    On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

10.    Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

11.    As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

12.    Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 79

13. Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

14. About two weeks after the January 31, 2021 incident Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

15. Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

16. On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's shoplifting apprehension policy, which strictly prohibits trying to stop or impede a potential shoplifter.

17. On or about February 27, 2021, Plaintiff was notified of the termination.

18. Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

19. Upon information and belief, Judith Garcia is of Mexican national origin, and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

20. Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

21. Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

22. Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

23. Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s)

EXHIBIT C - 80

24.   From about January 31, 2021 and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or national origin, by the following continuous actions, and conduct, among others:

    a.   Subjecting Plaintiff to increased scrutiny and disciplinary actions;

    b.   Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

    c.   On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter;

    d.   Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

    e.   Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or national origin, as herein alleged;

    f.   Failing to rehire and/or reemploy Plaintiff.

25.   The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or national origin and the prohibition of perceived and/or national origin harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee of Afghan national origin, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or national origin harassment, discrimination and retaliation in employment.

26.   By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed

1 to investigate and/or properly investigate, prevent or remedy the perceived and/or national origin

2 harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment

3 described herein were sufficiently pervasive so as to alter the conditions of employment, and

4 created an abusive working environment. When Plaintiff was harassed, discriminated against and

5 retaliated against, Plaintiff's perceived and/or national origin and/or complaints about the unlawful

6 conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

7      27.    Plaintiff filed timely charges and complaints of perceived and/or race harassment,

8 retaliation and discrimination with the California Department of Fair Employment and Housing

9 and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California

10 Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies

11 under the California Government Code. Attached hereto and incorporated herein as Exhibit "**A**"

12 are said Complaints and by reference hereto are made a part hereof. Attached hereto and

13 incorporated herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made

14 a part hereof.

15      28.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

16 each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

17 California Civil Code §3333 including, but not limited to, loss of earnings and future earning

18 capacity, medical and related expenses for care and procedures both now and in the future,

19 attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

20 leave of court to amend when ascertained.

21      29.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1

22 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

23 both internally and externally, and suffered, among other things, numerous internal injuries, severe

24 fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not

25 known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

26 Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

27 informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

28 be permanent in character.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 82

30.    As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

31.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of, loss of earnings at the time of trial.

32.    As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

33.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

34.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

///

7

EXHIBIT C - 83

1      35.   As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

2  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

3  suit as specifically provided in California Government Code § 12965(b).

**II.**

**SECOND CAUSE OF ACTION**

**(For Perceived and/or Age)**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

10     36.   Plaintiff incorporates herein by reference Paragraphs 1 through 35 as though set

11  forth in full herein.

12     37.   At all times herein mentioned, from about 2013 until Plaintiff's wrongful

13  termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1

14  through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's

15  employers, managers and supervisors.

16     38.   At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was

17  over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

18     39.   Upon information and belief, in January of 2021 through February of 2021, Plaintiff

19  was the only employee of Afghan national origin at Marshalls Store #272.

20     40.   On or about January 31, 2021, while on her break during her shift, Plaintiff

21  observed two individuals in the high-end clothing department acting in a suspicious manner and

22  believed that they intended to shoplift.

23     41.   Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals

24  and asked her to keep an eye on them.

25     42.   As another customer walked into the store, one of the two suspicious individuals

26  started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this

27  individual that she needed to pay for the merchandise she was holding, but the individual pushed

28  Plaintiff out of the way and ran out of the store.

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 84

43. Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

44. Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

45. About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

46. Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager, Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

47. On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which, strictly prohibits trying to stop or impede a potential shoplifter."

48. On or about February 27, 2021, Plaintiff was notified of the termination.

49. Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

50. Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

51. Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

52. Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

53. Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

28. ///

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT C - 85

54.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s).

55.    From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or age, over forty (40), by the following continuous actions, and conduct, among others:

a.    Subjecting Plaintiff to increased scrutiny and disciplinary actions;

b.    Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

c.    On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's shoplifting apprehension policy, which "strictly prohibits trying to stop or impede a potential shoplifter;

d.    Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

e.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or age, as herein alleged;

f.    Failing to rehire and/or reemploy Plaintiff

56.    The acts and conduct of Defendants, and each of them, as aforesaid, were in violation of California Government Code §12940 and 12941 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or age and the prohibition of perceived and/or age harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee over the age of forty (40), and within the protected class covered by California Government Code §12940 and 12941, prohibiting perceived and/or age harassment, discrimination

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 86

1 | and retaliation in employment.

2 | 57. By the acts and conduct described above, Defendants, and each of them, in violation

3 | of said statutes, knew about or should have known about and failed to investigate and/or properly

4 | investigate, prevent or remedy the perceived and/or age harassment, retaliation and discrimination.

5 | The acts of discrimination, retaliation and harassment described herein were sufficiently severe

6 | and/or pervasive so as to alter the conditions of employment, and created an abusive working

7 | environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

8 | perceived and/or age and/or complaints about the unlawful conduct was a substantial factor

9 | motivating Defendants' conduct, and/or a motivating reason in Defendants' conduct.

10 | 58. Plaintiff filed timely charges and complaints of perceived and/or age harassment,

11 | retaliation and discrimination with the California Department of Fair Employment and Housing

12 | and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California

13 | Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies

14 | under the California Government Code. Attached hereto and incorporated herein as Exhibit "A"

15 | are said Complaints and by reference hereto are made a part hereof. Attached hereto and

16 | incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made

17 | a part hereof.

18 | 59. By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and,

19 | each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

20 | California Civil Code §3333 including, but not limited to, loss of earnings and future earning

21 | capacity, medical and related expenses for care and procedures both now and in the future,

22 | attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

23 | leave of court to amend when ascertained.

24 | 60. As a direct and legal result of the acts and omissions of Defendants, and DOES 1

25 | through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

26 | both internally and externally, and suffered, among other things, numerous internal injuries, severe

27 | fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not

28 | known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

1   Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

2   informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

3   be permanent in character.

4        61.    As a further legal result of the acts and omissions of Defendants, and DOES 1

5   through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-

6   rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes,

7   and thereon alleges, that he will in the future be forced to incur additional expenses of the same

8   nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the

9   exact amount of said expenses at the time of trial.

10       62.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

11  since said incidents, has been unable to engage fully in Plaintiff's occupation, and is informed and

12  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

13  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

14  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

15  loss of earnings at the time of trial.

16       63.    As a further direct and legal result of the acts and conduct of Defendants, and DOES

17  1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and

18  continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,

19  embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

20  injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they

21  are ascertained.

22       64.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

23  this court.

24       65.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of

25  them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in

26  wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

27  managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and

28  with the express knowledge, consent, and ratification of managerial agents and employees

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 88

1  Defendants and DOES 1 through 100, and each of them, thereby justifying the awarding of

2  punitive and exemplary damages in an amount to be determined at the time of trial.

3      66.  As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

4  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

5  suit as specifically provided in California Government Code § 12965(b).

6                **III.**

7           **THIRD CAUSE OF ACTION**

8   **(For Retaliation and Wrongful Termination in Violation of Public Policy**

9       **Against All Defendants and DOES 1-100, Inclusive)**

10      67.  Plaintiff incorporates herein by reference Paragraphs 1 through 66 as though set

11  forth in full herein.

12      68.  At all times herein mentioned, the public policy of the State of California, as

13  codified, expressed and mandated in California Government Code § 12940 was to prohibit

14  employers from discriminating, harassing, and retaliating against any individual based on

15  perceived and/or national origin. This public policy of the State of California is designed to protect

16  all employees and to promote the welfare and well-being of the community at large. Accordingly,

17  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

18  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

19  discrimination, retaliation and harassment was wrongful and in contravention and violation of the

20  express public policy of the State of California, to wit, the policy set forth in California

21  Government Code § 12940 et seq., and the laws and regulations promulgated thereunder.

22      69.  At all times herein mentioned, the public policy of the State of California, as

23  codified, expressed and mandated in California Government Code § 12940 was to prohibit

24  employers from discriminating, harassing, and retaliating against any individual based on

25  perceived and/or age (over 40). This public policy of the State of California is designed to protect

26  all employees and to promote the welfare and well-being of the community at large. Accordingly,

27  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

28  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

                13

EXHIBIT C - 89

1  discrimination, retaliation and harassment, was wrongful and in contravention and violation of the

2  express public policy of the State of California, to wit, the policy set forth in California

3  Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

4        70.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100,

5  inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages

6  pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future

7  earning capacity, medical and related expenses for care and procedures both now and in the future,

8  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

9  leave of court to amend when ascertained.

10        71.    As a direct and legal result of the acts and omissions of Defendants and DOES 1

11  through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

12  disordered, both internally and externally, and suffered, among other things, numerous internal

13  injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

14  injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are

15  ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,

16  but is informed and believes, and thereon alleges, that some of the said injuries are reasonably

17  certain to be permanent in character.

18        72.    As a further legal result of the acts and omissions of Defendants and DOES 1

19  through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

20  care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

21  believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the

22  same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

23  show the exact amount of said expenses at the time of trial.

24        73.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

25  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

26  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

27  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

28  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 90

1  loss of earnings at the time of trial.

2      74.    As a further direct and legal result of the acts and conduct of Defendants and DOES

3  1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,

4  and continues to suffer severe and permanent emotional and mental distress and anguish,

5  humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and

6  extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the

7  same when they are ascertained.

8      75.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

9  this court.

10     76.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

11  each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

12  done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done

13  by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

14  of them, and with the express knowledge, consent, and ratification of managerial agents and

15  employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

16  the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

17     77.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

18  inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

19  costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

20                                    IV.

21                        FOURTH CAUSE OF ACTION

22     (For Declaratory Relief Against All Defendants and DOES 1–100, Inclusive)

23     78.    Plaintiff incorporates herein by reference Paragraphs 1 through 77 as though set

24  forth in full herein.

25     79.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

26  trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

27  Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*,

28  (2013) 56 C 4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

15

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 91

them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

80.    At the time of the request for Declaratory Relief, there exists and/or will exist a present and actual controversy among the parties.

81.    This Complaint, and the relevant causes of action herein, specifically plead an actual, present controversy, and the facts of the respective and underlying claims.

82.    At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

83.    As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

84.    As a result of the wrongful conduct of Defendants and DOES 1 through 100, inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as, specifically mentioned in *Harris v. City of Santa Monica* (2013) 56 C 4th 203.

16

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT C - 92

**WHEREFORE**, Plaintiff **JAMILA AZIM**, prays for judgment against the Defendants and DOES 1 through 100, inclusive, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For medical expenses and related items of expense, according to proof;

3. For loss of earnings, according to proof;

4. For loss of earning capacity, according to proof;

5. For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b), according to proof;

6. For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7. For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8. For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b) and as specifically mentioned in *Harris v. City of Santa Monica* (2013) 56 C 4th 203;

9. For prejudgment interest according to proof;

10. For punitive and exemplary damages, according to proof.

17

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 93

11.     For costs of suit incurred herein; and

12.     For such other and further relief as the court may deem just and proper.

Dated: October 26, 2022

                                 MANCINI & ASSOCIATES
                                 A Professional Law Corporation

                                 By: _____
                                    VADIM YEREMENKO, ESQ.
                                    Attorneys for Plaintiff
                                    **JAMILA AZIM**

## DEMAND FOR JURY TRIAL

Plaintiff **JAMILA AZIM** hereby demands trial by jury.

Dated: October 26, 2022

                                 MANCINI & ASSOCIATES
                                 A Professional Law Corporation

                                 By: _____
                                    VADIM YEREMENKO, ESQ.
                                    Attorneys for Plaintiff
                                    **JAMILA AZIM**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 94

# EXHIBIT "A"

EXHIBIT C - 95

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of

Jamila Azim                                            DFEH No. 202111-15287503

                  Complainant,

vs.

Marshalls of CA, LLC,
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road,
Framingham, MA 01701

                  Respondents

1. Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

3. Complainant **Jamila Azim** resides in the City of **Chula Vista**, State of **CA**.

4. Complainant alleges that on or about **February 25, 2021** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

-1-
Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF-80 RS

EXHIBIT C - 96

1 | **Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

2 |

3 | **Additional Complaint Details:** From about January 1, 2021 and continuing at least through February 25, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or national origin (Afghanistan) and age (60).

4 |

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |
                                   -2-
                        Complaint - DFEH No. 202111-15287503

27 |

28 | Date Filed: November 3, 2021

                                                                DFEH-ENF 80 RS

EXHIBIT C - 97

1  VERIFICATION

2  I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read
   the foregoing complaint and know the contents thereof. The matters alleged are
3  based on information and belief, which I believe to be true.

4  On November 3, 2021, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                    Sherman Oaks, California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -3-

27                         Complaint - DFEH No. 202111-15287503

28  Date Filed: November 3, 2021

                                                              DFEH-ENF 80 RS

EXHIBIT C - 98

# EXHIBIT "B"

EXHIBIT C - 99

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 3, 2021

Jamila Azim
1339 Nicolette Ave., Unit 1111
Chula Vista, CA 91913

RE:    **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202111-15287503
        Right to Sue: Azim / Marshalls of CA, LLC et al.

Dear Jamila Azim:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective November 3, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete. To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

**EXHIBIT C -100**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR
                                                                        KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

[DFEH-ENF 80 RS]

EXHIBIT C -101



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 3, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202111-15287503
Right to Sue: Azim / Marshalls of CA, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program, both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

**EXHIBIT C -102**

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Jamila Azim

DFEH No. 202111-15287503

Complainant,

vs.

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Respondents

1. Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

3. Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA**.

4. Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

*Complainant – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT C - 103

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** From about January 1, 2021 and continuing at least through February 25, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or national origin (Afghanistan) and age (60).

-2-

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT C -104

VERIFICATION

I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On November 3, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks, California,**

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF, 80 RS

EXHIBIT C - 105

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                            )  ss.
COUNTY OF LOS ANGELES       )

5     I am employed in the County of Los Angeles, State of California. I am over the

6     age of 18 and not a party to the within action. My business address is 15303 Ventura

7     Boulevard, Suite 600, Sherman Oaks, California 91403.

9     On November 4, 2021, I served the foregoing document described as **RIGHT

10    TO SUE NOTICE** and **COMPLAINT OF DISCRIMINATION UNDER THE

11    PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on

12    the interested party or parties in this action by certified mail, placing a true copy thereof

13    enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

19    I caused such envelope with postage thereon fully prepaid to be placed in the

20    United States mail at Sherman Oaks, California.

22    Executed on November 4, 2021, at Sherman Oaks, California.

23    I declare under penalty of perjury under the laws of the State of California that

24    the foregoing is true and correct.

HERMINA AVAKIAN

EXHIBIT C -106

## MAILING LIST

1

2  Marshalls of CA, LLC
3  310 E. H. Street
   Chula Vista, CA 91911

4

5  Marshalls of CA, LLC
   770 Cochituate Road
6  Framingham, MA 01701

7  Marshalls of CA, LLC
   c/o CT Corporation
8  330 N. Brand Blvd., Suite 700
9  Glendale, CA 91203

10  Marshalls of MA, Inc.
11  310 E. H. Street
    Chula Vista, CA 91911

12

13  Marshalls of MA, Inc.
    770 Cochituate Road
14  Framingham, MA 01701

15  Marshalls of MA, Inc.
16  c/o CT Corporation
    330 N. Brand Blvd., Suite 700
17  Glendale, CA 91203

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C -107**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3527 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7064 |

| PLAINTIFF(S) / PETITIONER(S): | Jamila Azim |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Marshalls of CA LLC et.al. |
|---|---|

AZIM VS MARSHALLS OF CA LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00043330-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: John S. Meyer

Department: C-64

$cal.(\mu^a)$

**COMPLAINT/PETITION FILED:** 10/26/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/07/2023 | 10:00 am | C-64 | John S. Meyer |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at **www.sdcourt.ca.gov**.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

EXHIBIT C -108

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

Page: 2

EXHIBIT C -109

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

PLAINTIFF(S): Jamila Azim

DEFENDANT(S): Marshalls of CA LLC et.al.

SHORT TITLE: AZIM VS MARSHALLS OF CA LLC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00043330-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                              Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.):

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)*

Alternate neutral (for court Civil Mediation Program and arbitration only):

Date:                                            Date:

Name of Plaintiff                                Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                     Name of Defendant's Attorney

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/28/2022                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

EXHIBIT C -110



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00043330-CU-WT-CTL          CASE TITLE: Azim vs Marshalls of CA LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

SDSC CIV-730 (Rev 12/10)          **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**          Page 1

EXHIBIT C -111

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

**On-line mediator search and selection:** Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and, (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2. for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

**More information about court-connected ADR:** Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT C -112

1   SEYFARTH SHAW LLP
    Jonathan L. Brophy (SBN 245223)
2   E-mail:  jbrophy@seyfarth.com
    Shardé T. Skahan (SBN 286157)
3   E-mail:  sskahan@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
    Telephone:  (310) 277-7200
5   Facsimile:   (310) 201-5219

6   Attorneys for Defendants
    MARSHALLS OF CA, LLC and MARSHALLS OF MA,
7   INC.

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       FOR THE COUNTY OF SAN DIEGO

11

12  JAMILA AZIM,                          Case No. 37-2022-00043330-CU-WT-CTL

13              Plaintiff,                HON. JOHN S. MEYER  ; DEPT. C-64

14      v.                               **DEFENDANTS MARSHALLS OF CA, LLC
                                          AND MARSHALLS OF MA, INC.'S**
15  MARSHALLS OF CA, LLC; MARSHALLS OF    **ANSWER TO PLAINTIFF'S COMPLAINT**
    MA, INC.; and DOES 1 through 100, Inclusive,
16                                        Complaint Filed: October 26, 2022
              Defendants.                 Trial Date:        None Set
17

18

19

20

21

22

23

24

25

26

27

28

---

89187589v.1

**EXHIBIT D -113**

Defendants MARSHALLS OF CA, LLC AND MARSHALLS OF MA, INC. ("Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby submit their Answer to the Complaint of Plaintiff JAMILA AZIM and state as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, deny that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendants.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege as follows, without assuming the burden of proof on any defense on which they would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Agreement To Arbitrate - All Causes Of Action)

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is subject to binding arbitration pursuant to an agreement between Plaintiff and Defendants.  Defendants' filing of this Answer should not be construed as a waiver of their right to seek to compel arbitration and to stay or dismiss the claims against Defendants in this litigation based on the arbitration agreement. Defendants intend to exercise their right to move this action to arbitration with Plaintiff's consent or by an order of the Court, as necessary.

## SECOND DEFENSE

### (Failure To State A Cause Of Action - All Causes Of Action)

2.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

## THIRD DEFENSE

### (Statute Of Limitations - All Causes Of Action)

3.      Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965.

EXHIBIT D -114

**FOURTH DEFENSE**

**(Failure To Exhaust Administrative Remedies - All Causes Of Action)**

4.     Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit.

**FIFTH DEFENSE**

**(Laches - All Causes Of Action)**

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing her claims.

**SIXTH DEFENSE**

**(Waiver - All Causes Of Action)**

6.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**SEVENTH DEFENSE**

**(Estoppel - All Causes Of Action)**

7.     Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendants.

**EIGHTH DEFENSE**

**(Unclean Hands - All Causes Of Action)**

8.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH DEFENSE**

**(Ratification - All Causes Of Action)**

9.     Plaintiff's Complaint and each cause of action alleged therein, is barred on the ground that Plaintiff ratified Defendants' alleged actions.

**TENTH DEFENSE**

**(Failure To Mitigate Damages - All Causes Of Action)**

10.     Defendants allege, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged

2

89187589v.1

**EXHIBIT D -115**

in her Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendants.

## ELEVENTH DEFENSE

### (Failure To Exercise Reasonable Preventive Corrective Opportunities - All Causes Of Action)

11.    To the extent any of Defendants' employees or agents engaged in unlawful discriminatory, retaliatory, or harassing behavior toward Plaintiff, Defendants are not liable for any such discrimination, retaliation, or harassment or Plaintiff's damages must be reduced, because Defendants exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

## TWELFTH DEFENSE

### (Workers' Compensation Preemption - All Causes Of Action)

12.    Plaintiff's claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code § 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of her alleged employment with Defendants, and injuries alleged by Plaintiff to have been proximately caused by her employment with Defendants.

## THIRTEENTH DEFENSE

### (After-Acquired Evidence - All Causes Of Action)

13.    Plaintiff's claims are barred, or her damages, if any, are limited, to the extent she engaged in any misconduct of which Defendants were unaware that provides independent legal cause for the changes in her employment.

///

///

///

3

89187589v.1

EXHIBIT D -116

**FOURTEENTH DEFENSE**

**(Prompt Remedial Action - All Causes Of Action)**

14.      Defendants took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendants had to Plaintiff, if any at all.

**FIFTEENTH DEFENSE**

**(Legitimate Non-Discriminatory Actions - All Causes of Action)**

15.      Plaintiff's claims are barred, in whole or in part, because Defendants had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

**SIXTEENTH DEFENSE**

**(Mixed Motive - All Causes Of Action)**

16.      Even if Plaintiff should prove that her alleged disability or any other protected status was a substantial factor motivating the challenged employment actions, which Defendants deny; the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

**SEVENTEENTH DEFENSE**

**(Award Of Punitive Damages Is Unconstitutional - All Causes Of Action)**

17.      To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the rights of Defendants to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

**EIGHTEENTH DEFENSE**

**(Setoff And Recoupment - All Causes Of Action)**

18.      To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to

89187589v.1

EXHIBIT D -117

offset all overpayments and/or all obligations that Plaintiff owed to Defendants against any judgment that may be entered against Defendants.

## NINETEENTH DEFENSE

### (Offset - All Causes Of Action)

19.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

## TWENTIETH DEFENSE

### (Managerial Privilege - All Causes Of Action)

20.    Any injuries Plaintiff sustained as a result of any action by Defendants is barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

## TWENTY-FIRST DEFENSE

### (Adequate Legal Remedy - All Causes Of Action)

21.    Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate remedy at law.

## TWENTY-SECOND DEFENSE

### (Failure To State A Claim For Relief Sought - All Causes Of Action)

22.    Plaintiff's Complaint fails to properly state a claim for injunctive, equitable, declaratory, or other relief sought.

## TWENTY-THIRD DEFENSE

### (Avoidable Consequences - All Causes Of Action)

23.    Plaintiff's claims are barred, in whole or in part, on the grounds that Defendants, at all relevant times, exercised reasonable care to prevent and immediately correct any harassing, discriminatory, or retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

DEFENDANTS' ANSWER TO COMPLAINT

89187589v.1

EXHIBIT D -118

**TWENTY-FOURTH DEFENSE**

**(Failure to Inform Supervisor or Employer of Alleged Violations - All Causes of Action)**

24.    Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendants of any alleged unlawful conduct or purported complaints prior to filing a lawsuit.  Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time she filed her claims.

**TWENTY-FIFTH DEFENSE**

**(Improper Venue)**

25.    Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff filed her Complaint in an improper venue.

**RESERVATION OF RIGHTS**

Defendants do not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendants further reserve the right to amend their answer or defenses accordingly and/or to delete defenses that they determine are not applicable during the course of discovery.

///

///

///

///

///

///

///

///

///

///

///

6

89187589v.1

EXHIBIT D -119

1

**PRAYER**

2  WHEREFORE, Defendants pray for judgment as follows:

3  1.  That Plaintiff take nothing by her Complaint;

4  2.  That judgment be entered in favor of Defendants and against Plaintiff on all causes of

5 action;

6  3.  That Defendants be awarded reasonable attorneys' fees according to proof;

7  4.  That Defendants be awarded their costs of suit incurred herein; and

8  5.  That Defendants be awarded such other and further relief as the Court may deem

9 appropriate.

10 DATED:  December 7, 2022    SEYFARTH SHAW LLP

11

12         By: _____

13           Jonathan L. Brophy
            Shardé T. Skahan
14         Attorneys for Defendants
         MARSHALLS OF CA, LLC and MARSHALLS
15         OF MA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

7

DEFENDANTS' ANSWER TO COMPLAINT

**EXHIBIT D** -120

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA )

3  COUNTY OF LOS ANGELES )   ) SS

4        I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5  90067-3021.  On December 7, 2022, I served the within document(s):

6  DEFENDANTS MARSHALLS OF CA, LLC AND MARSHALLS OF MA, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT

7

8  ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
in the United States mail at Los Angeles, California, addressed as set forth below.

9  ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
below.
10

11  ☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
sealed envelope or package provided by an overnight delivery carrier with postage paid on
account and deposited for collection with the overnight carrier at Los Angeles, California,
12  addressed as set forth below.

13  ☒  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
below.
14

15        Vadim Yeremenko                Attorneys for Plaintiff JAMILA AZIM
      Imran Rahman
16        Alex Hadjian                      Tel. (818) 783-5757; Fax (818) 783-7710
      MANCINI & ASSOCIATES
17        15303 Ventura Boulevard, Suite 600     Email(s): vadimy@mamlaw.net;
      Sherman Oaks, CA  91403                irahman@mamlaw.net;
18                                    ahadjian@mamlaw.net

19        I am readily familiar with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
20  postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
21  after date of deposit for mailing in affidavit.

22        I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.
23

24        Executed on December 7, 2022, at Los Angeles, California.

25  _____
                                   Fern Jenkins
26

27

28

PROOF OF SERVICE

**EXHIBIT D** -121

Los Angeles County Superior Court, Family Law, Adoptions, Juvenile Delinquency and Probate departments will be conducting maintenance to their eFiling system beginning on Friday, Dece
5:30pm through Saturday, December 10th at 5pm PST. Users will not be able to eFile into LASC Family Law, Adoptions, Juvenile Delinquency and Probate case types during this maintenan

# NATIONWIDE
## LEGAL

My Profile | Help (/Help/Operations) | Logout (/l

(/Home)

| Incoming (/Operations/Orders/OPSIncomingOrders) | Pending (/Operations/Orders/OPSPendingOrders) | Executed (/Operations/Orders/OPSExecutedOr |

| (/Home) | Closed (/Operations/Orders/OPSClosedOrders) | Cases (/Operations/Orders/OPSCases) | Place Order (/NewOrder/Index) |

Customer: LA239 - Seyfarth Shaw, LLP / CC

What would you like us to do?    [ eFiling                          ⌄ ]

| Order Info | Case Info | Case Participants | Documents | Court Fees | **Order Details** |

### Thank you for your order(s)

Your order number(s): **6808772**

For your reference, you will receive an Order Confirmation by email.

If you would like further assistance, please contact our Customer Support at (213) 249-9999 Monday - Friday between the hours of M-F 9 AM to 5:00 PM Pacific.

[ Back to Manage Cases ]

[ « Previous ]   [ Submit ]                                          [ Save As Draft ]

### Order Summary

**eFiling** (Existing Case)

**County:** San Diego

**Case Info:**
Case Number: 37-2022-00043330-CU-WT-C
Case Name: Azim vs Marshalls of CA LLC [I
Category: Civil - Unlimited
Case Type: Wrongful Termination

**Case Participants:**
Marshalls of CA LLC, Defendant **(Client)**
MARSHALLS OF MA INC, Defendant
Azim, Jamila, Plaintiff
Brophy, Jonathan, Attorney

**Document(s):**
Answer

**Estimated Court Fees:**
Total fees: $438.00

**Order Details:**
Notify:
 efile3 3
Special Instructions:

Powere
LEGAL

https://nationwidelegal.legalconnect.com/NewOrder/Index/2475894

**EXHIBIT D -122** 1/2

EXHIBIT D - 123

# Jamila Azim v. Marshalls of CA, LLC et al.
## TABLE OF CONTENTS

| Exhibits | Description | Pages |
|:---:|:---|:---|
| A | Complaint | 1-32 |
| B | Service Packet, Marshall's of CA | 33-72 |
| C | Service Packet, Marshall's of MA | 73-112 |
| D | Answer | 113-123 |

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** MARSHALLS OF CA, LLC; MARSHALLS
*(AVISO AL DEMANDADO):* OF MA, INC.; and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JAMILA AZIM,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2022** at 12:25:44 PM

Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN DIEGO COUNTY SUPERIOR COURT
330 West Broadway
San Diego, California  92101

**CASE NUMBER:**
*(Número del Caso):* 37-2022-00043330-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vadim Yeremenko, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403          (818) 783-5757

DATE: *(Fecha)* 10/28/2022

Clerk, by *(Secretario)* B. Ramirez , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

*Page 1 of 1*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

EXHIBIT A - 1

1   VADIM YEREMENKO, ESQ. (State Bar No. 269804)
    vadimy@mamlaw.net
2   IMRAN RAHMAN, ESQ. (State Bar No. 308148)
    irahman@mamlaw.net
3   ALEX HADJIAN, ESQ. (State Bar No. 327534)
    ahadjian@mamlaw.net
4   **MANCINI & ASSOCIATES**
    15303 Ventura Boulevard, Suite 600
5   Sherman Oaks, CA 91403
    (818) 783-5757   Phone
6   (818) 783-7710   Fax

7   Attorneys for Plaintiff **JAMILA AZIM**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2022** at 12:25:44 PM
Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF SAN DIEGO**

10

11  JAMILA AZIM,                        ) Case No.  37-2022-00043330-CU-WT-CTL
                                        )
12          Plaintiff,                  ) **PLAINTIFF'S COMPLAINT FOR**
                                        ) **DAMAGES:**
13      vs.                             )
                                        ) **(1)   FOR PERCEIVED AND/OR**
14                                      )       **NATIONAL ORIGIN**
    MARSHALLS OF CA, LLC;               )       **HARASSMENT,**
15  MARSHALLS OF MA, INC.;              )       **DISCRIMINATION AND**
    and DOES 1 through 100, Inclusive,  )       **RETALIATION IN VIOLATION**
16                                      )       **OF CALIFORNIA**
            Defendants.                 )       **GOVERNMENT CODE §§12940**
17                                      )       **ET SEQ. [FEHA];**
                                        )
18                                      ) **(2)   FOR PERCEIVED AND/OR**
                                        )       **AGE HARASSMENT,**
19                                      )       **DISCRIMINATION AND**
                                        )       **RETALIATION IN VIOLATION**
20                                      )       **OF CALIFORNIA**
                                        )       **GOVERNMENT CODE §§12940**
21                                      )       **ET SEQ. [FEHA];**
                                        )
22                                      ) **(3)   FOR RETALIATION AND**
                                        )       **WRONGFUL TERMINATION**
23                                      )       **IN VIOLATION OF PUBLIC**
                                        )       **POLICY;**
24                                      )
                                        ) **(4)   FOR DECLARATORY RELIEF**
25                                      )       **[Permanent Injunction**
                                        )       **Requested];**
26                                      )
                                        ) **JURY TRIAL DEMANDED**
27                                      )
                                        ) **UNLIMITED JURISDICTION:**
28                                      ) **CASE VALUE IN EXCESS OF**
                                        ) **$25,000.00**

---

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**EXHIBIT A -   2**

1    **COMES NOW** Plaintiff **JAMILA AZIM**  (hereinafter referred to as "AZIM" or

2  "Plaintiff") and complains against the above-named Defendants and for causes of action against the

3  Defendants, and each of them, and alleges as follows:

4    **I.**

5    **FIRST CAUSE OF ACTION**

6    **(For Perceived and/or National Origin**

7    **Harassment, Discrimination and Retaliation in Employment**

8    **[California Government Code §12940 et seq.]**

9    **Against All Defendants and DOES 1 Through 100, Inclusive)**

10    1.    At all times mentioned herein, Plaintiff was, and now is, an individual

11  residing in the County of San Diego, State of California.

12    2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

13  herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other

14  Defendants as "Defendants") was and now is a Virginia limited liability company, duly registered

15  and licensed to do business in the County of San Diego, State of California.

16    3.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

17  herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other

18  Defendants as "Defendants") was and now is a Massachusetts corporation, duly registered and

19  licensed to do business in the County of San Diego, State of California.

20    4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

21  successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 -

22  100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

23  Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

24  the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

25  believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

26  responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

27  hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter

28  alleged.

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**    **EXHIBIT A -  3**

5.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.     At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.     At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

8.     Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

9.     On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

10.    Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

11.    As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

12.    Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          **EXHIBIT A** - 4

13.   Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

14.   About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

15.   Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

16.   On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter."

17.   On or about February 27, 2021, Plaintiff was notified of the termination.

18.   Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

19.   Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

20.   Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

21.   Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

22.   Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

23.   Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s).

**PLAINTIFF'S COMPLAINT FOR DAMAGES**    EXHIBIT A - 5

24.     From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or national origin, by the following continuous actions, and conduct, among others:

    a.     Subjecting Plaintiff to increased scrutiny and disciplinary actions;

    b.     Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

    c.     On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter;

    d.     Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

    e.     Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or national origin, as herein alleged;

    f.     Failing to rehire and/or reemploy Plaintiff.

25.     The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq.  Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or national origin and the prohibition of perceived and/or national origin harassment, discrimination and retaliation.  Said statutes were intended to prevent the type of injury and damage herein set forth.  Plaintiff was, at all times material hereto, an employee of Afghan national origin, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or national origin harassment, discrimination and retaliation in employment.

26.     By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 6

1 │ to investigate and/or properly investigate, prevent or remedy the perceived and/or national origin
2 │ harassment, retaliation and discrimination.  The acts of discrimination, retaliation and harassment
3 │ described herein were sufficiently pervasive so as to alter the conditions of employment, and
4 │ created an abusive working environment.  When Plaintiff was harassed, discriminated against and
5 │ retaliated against, Plaintiff's perceived and/or national origin and/or complaints about the unlawful
6 │ conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

7 │      27.    Plaintiff filed timely charges and complaints of perceived and/or race harassment,
8 │ retaliation and discrimination with the California Department of Fair Employment and Housing
9 │ and has received Notice(s) of  Right to Sue in a California Superior Court pursuant to California
10 │ Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's administrative remedies
11 │ under the California Government Code.  Attached hereto and incorporated herein as Exhibit "**A**"
12 │ are said Complaints and by reference hereto are made a part hereof.   Attached hereto and
13 │ incorporated herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made
14 │ a part hereof.

15 │      28.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and
16 │ each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to
17 │ California Civil Code §3333 including, but not limited to, loss of earnings and future earning
18 │ capacity, medical and related expenses for care and procedures both now and in the future,
19 │ attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek
20 │ leave of court to amend when ascertained.

21 │      29.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1
22 │ through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,
23 │ both internally and externally, and suffered, among other things, numerous internal injuries, severe
24 │ fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not
25 │ known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.
26 │ Plaintiff does not at this time know the exact duration or permanence of said injuries, but is
27 │ informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to
28 │ be permanent in character.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**    EXHIBIT A - 7

30.    As a further legal result of the acts and omissions of Defendants, and DOES 1
through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-
rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes,
and thereon alleges, that he will in the future be forced to incur additional expenses of the same
nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the
exact amount of said expenses at the time of trial.

31.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and
believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of
loss of earnings at the time of trial.

32.    As a further direct and legal result of the acts and conduct of Defendants, and DOES
1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and
continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,
embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said
injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they
are ascertained.

33.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of
this court.

34.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of
them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in
wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by
managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and
with the express knowledge, consent, and ratification of managerial agents and employees
Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of
punitive and exemplary damages in an amount to be determined at the time of trial.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**    EXHIBIT A -  8

35.     As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

## II.

### SECOND CAUSE OF ACTION

**(For Perceived and/or Age**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

36.     Plaintiff incorporates herein by reference Paragraphs 1 through 35 as though set forth in full herein.

37.     At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

38.     At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

39.     Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

40.     On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

41.     Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

42.     As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          **EXHIBIT A - 9**

43. Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

44. Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

45. About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

46. Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

47. On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter."

48. On or about February 27, 2021, Plaintiff was notified of the termination.

49. Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

50. Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

51. Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

52. Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

53. Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**    EXHIBIT A - 10

54.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1
through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably
non-Afghan and/or a substantially younger individual(s).

55.     From about January 31, 2021, and continuing at least through February 27, 2021,
and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed,
and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or age, over forty (40), by
the following continuous actions, and conduct, among others:

    a.    Subjecting Plaintiff to increased scrutiny and disciplinary actions;

    b.    Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

    c.    On or about February 25, 2021, retaliating against and wrongfully terminating
Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff
violated the company's "shoplifting apprehension policy" which "strictly prohibits
trying to stop or impede a potential shoplifter;

    d.    Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1
through 100, and each of them, and each of them, replaced Plaintiff with and/or kept
and/or treated more favorably a non-Afghan and/or substantially younger
individual(s);

    e.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's
perceived and/or age, as herein alleged;

    f.    Failing to rehire and/or reemploy Plaintiff.

56.     The acts and conduct of Defendants, and each of them, as aforesaid, were in
violation of California Government Code §12940 and 12941 et seq. Said statutes impose certain
duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation
against persons, such as Plaintiff, on the basis of perceived and/or age and the prohibition of
perceived and/or age harassment, discrimination and retaliation. Said statutes were intended to
prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto,
an employee over the age of forty (40), and within the protected class covered by California
Government Code §12940 and 12941, prohibiting perceived and/or age harassment, discrimination

10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 11

1  and retaliation in employment.

2       57.     By the acts and conduct described above, Defendants, and each of them, in violation

3  of said statutes, knew about, or should have known about, and failed to investigate and/or properly

4  investigate, prevent or remedy the perceived and/or age harassment, retaliation and discrimination.

5  The acts of discrimination, retaliation and harassment described herein were sufficiently severe

6  and/or pervasive so as to alter the conditions of employment, and created an abusive working

7  environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

8  perceived and/or age and/or complaints about the unlawful conduct was a substantial factor

9  motivating Defendants' conduct, and/or a motivating reason in Defendants' conduct.

10       58.     Plaintiff filed  timely charges and complaints of perceived and/or age harassment,

11  retaliation and discrimination with the California Department of Fair Employment and Housing

12  and has received Notice(s) of  Right to Sue in a California Superior Court pursuant to California

13  Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's administrative remedies

14  under the California Government Code.  Attached hereto and incorporated herein as Exhibit "**A**"

15  are said Complaints and by reference hereto are made a part hereof.   Attached hereto and

16  incorporated herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made

17  a part hereof.

18       59.     By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

19  each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

20  California Civil Code §3333 including, but not limited to, loss of earnings and future earning

21  capacity, medical and related expenses for care and procedures both now and in the future,

22  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

23  leave of court to amend when ascertained.

24       60.     As a direct and legal result of the acts and omissions of Defendants, and DOES 1

25  through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

26  both internally and externally, and suffered, among other things, numerous internal injuries, severe

27  fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not

28  known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

---

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

2  informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

3  be permanent in character.

4      61.    As a further legal result of the acts and omissions of Defendants, and DOES 1

5  through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-

6  rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes,

7  and thereon alleges, that he will in the future be forced to incur additional expenses of the same

8  nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the

9  exact amount of said expenses at the time of trial.

10     62.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

11  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

12  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

13  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

14  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

15  loss of earnings at the time of trial.

16     63.    As a further direct and legal result of the acts and conduct of Defendants, and DOES

17  1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and

18  continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,

19  embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said

20  injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they

21  are ascertained.

22     64.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

23  this court.

24     65.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of

25  them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in

26  wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

27  managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and

28  with the express knowledge, consent, and ratification of managerial agents and employees

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          EXHIBIT A - 13

1  Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of

2  punitive and exemplary damages in an amount to be determined at the time of trial.

3      66.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

4  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

5  suit as specifically provided in California Government Code § 12965(b).

6                                        **III.**

7                           **THIRD CAUSE OF ACTION**

8      **(For Retaliation and Wrongful Termination in Violation of Public Policy**

9              **Against All Defendants and DOES 1 -100, Inclusive)**

10      67.    Plaintiff incorporates herein by reference Paragraphs 1 through 66 as though set

11  forth in full herein.

12      68.    At all times herein mentioned, the public policy of the State of California, as

13  codified, expressed and mandated in California Government Code §12940 was to prohibit

14  employers from discriminating, harassing, and retaliating against any individual based on

15  perceived and/or national origin.  This public policy of the State of California is designed to protect

16  all employees and to promote the welfare and well-being of the community at large.  Accordingly,

17  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

18  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

19  discrimination, retaliation and  harassment, was wrongful and in contravention and violation of the

20  express public policy of the State of California, to wit, the policy set forth in California

21  Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

22      69.    At all times herein mentioned, the public policy of the State of California, as

23  codified, expressed and mandated in California Government Code §12940 was to prohibit

24  employers from discriminating, harassing, and retaliating against any individual based on

25  perceived and/or age (over 40).  This public policy of the State of California is designed to protect

26  all employees and to promote the welfare and well-being of the community at large.  Accordingly,

27  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

28  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

13

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          EXHIBIT A - 14

1  discrimination, retaliation and harassment, was wrongful and in contravention and violation of the

2  express public policy of the State of California, to wit, the policy set forth in California

3  Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

4       70.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100,

5  inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages

6  pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future

7  earning capacity, medical and related expenses for care and procedures both now and in the future,

8  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

9  leave of court to amend when ascertained.

10       71.    As a direct and legal result of the acts and omissions of Defendants and DOES 1

11  through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

12  disordered, both internally and externally, and suffered, among other things, numerous internal

13  injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

14  injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are

15  ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,

16  but is informed and believes, and thereon alleges, that some of the said injuries are reasonably

17  certain to be permanent in character.

18       72.    As a further legal result of the acts and omissions of Defendants and DOES 1

19  through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

20  care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

21  believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the

22  same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

23  show the exact amount of said expenses at the time of trial.

24       73.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

25  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

26  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

27  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

28  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - 15

1  loss of earnings at the time of trial.

2      74.    As a further direct and legal result of the acts and conduct of Defendants and DOES

3  1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,

4  and continues to suffer severe and permanent emotional and mental distress and anguish,

5  humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and

6  extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the

7  same when they are ascertained.

8      75.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

9  this court.

10     76.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

11  each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

12  done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done

13  by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

14  of them, and with the express knowledge, consent, and ratification of managerial agents and

15  employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

16  the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

17     77.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

18  inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

19  costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

20                                    **IV.**

21                     **FOURTH CAUSE OF ACTION**

22      **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

23     78.    Plaintiff incorporates herein by reference Paragraphs 1 through77 as though set

24  forth in full herein.

25     79.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

26  trial and verdict  in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

27  Declaration of Rights and Duties pursuant to the recent ruling in *Harris  v. City of Santa Monica*,

28  (2013) 56 C.4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**            **EXHIBIT A - 16**

them, their successors, agents, representatives, employees and all persons who acted alone, or in

concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed

acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not

limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved

and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair

Employment and Housing Act, California Government Code §§12900 - 12996, and any other

applicable laws, cases, codes, regulations and statutes.

80.     At the time of the request for Declaratory Relief, there exists and/or will exist a

present and actual controversy among the parties.

81.     This Complaint, and the relevant causes of action herein, specifically plead an

actual, present controversy, and the facts of the respective and underlying claims.

82.     At the time of the request for Declaratory Relief, the facts of this case will have

congealed to the point that the Court can determine issues and grant relief through Declaratory

Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

83.     As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive,

and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling

permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their

successors, agents, representatives, employees and all persons who acted alone, or in concert with

said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and

conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited

to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown

at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and

Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases,

codes, regulations and statutes.

84.     As a result of the wrongful conduct of Defendants and DOES 1 through 100,

inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

costs of said suit as specifically provided in California Government Code § 12965(b) and as

specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                    EXHIBIT A - 17

1      **WHEREFORE**, Plaintiff **JAMILA AZIM**, prays for judgment against the Defendants and

2   DOES 1 through 100, inclusive, and each of them, as follows:

3          1.      For general damages in an amount within the jurisdictional limits of this

4                  Court;

5          2.      For medical expenses and related items of expense, according to proof;

6          3.      For loss of earnings, according to proof;

7          4.      For loss of earning capacity, according to proof;

8          5.      For reasonable attorneys' fees and costs of said suit as specifically provided

9                  in California Government Code §12965(b), according to proof;

10         6.      For reasonable attorneys' fees and costs of said suit as specifically provided

11                 in California Code of Civil Procedure §1021.5, according to proof;

12         7.      For a permanent injunction against Defendants, and each of them, their

13                 successors, agents, representatives, employees and all persons who acted

14                 alone, or in concert with said Defendants, and each of them, from

15                 committing acts and conduct of harassment, discrimination, retaliation, or

16                 other similar acts including, but not limited to, the violations alleged in all of

17                 the relevant Causes of Action herein, and as proved and/or shown at the time

18                 of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment

19                 and Housing Act, California Government Code §§12900 - 12996, and any

20                 other applicable laws, cases, codes, regulations and statutes;

21         8.      For reasonable attorneys' fees and costs of said suit as specifically provided

22                 in California Government Code §12965(b) and as specifically mentioned in

23                 *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

24         9.      For prejudgment interest according to proof;

25         10.     For punitive and exemplary damages, according to proof;

26   / / /

27   / / /

28   / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**                           EXHIBIT A - 18

11.   For costs of suit incurred herein; and

12.   For such other and further relief as the court may deem just and proper.

Dated: October 26, 2022

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**JAMILA AZIM**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff **JAMILA AZIM** hereby demands trial by jury.

Dated: October 26, 2022

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
VADIM YEREMENKO, ESQ.
Attorneys for Plaintiff
**JAMILA AZIM**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**          EXHIBIT A - 19

# EXHIBIT "A"

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jamila Azim

DFEH No. 202111-15287503

Complainant,

vs.

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Respondents

---

**1.** Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

**3.** Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA.**

**4.** Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT A - 21

1   **Complainant experienced retaliation** because complainant reported or resisted any form
    of discrimination or harassment and as a result was terminated, reprimanded, suspended,
2   denied any employment benefit or privilege, denied work opportunities or assignments.

3
    **Additional Complaint Details:** From about January 1, 2021 and continuing at least through
4   February 25, 2021, and continuing, I was harassed, discriminated against and retaliated
    against based on my perceived and/or national origin (Afghanistan) and age (60).
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                            -2-
                            *Complaint – DFEH No. 202111-15287503*
27
    Date Filed: November 3, 2021
28

                                                                    DFEH-ENF 80 RS

**EXHIBIT A - 22**

VERIFICATION

I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On November 3, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks, California**

-3-
*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

**EXHIBIT A - 23**

# EXHIBIT "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

November 3, 2021

Jamila Azim
1339 Nicolette Ave., Unit 1111
Chula Vista, CA 91913

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202111-15287503
Right to Sue: Azim / Marshalls of CA, LLC et al.

Dear Jamila Azim:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 3, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

**EXHIBIT A - 25**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

DFEH-ENF 80 RS

**EXHIBIT A - 26**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 3, 2021

RE:    **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202111-15287503
Right to Sue: Azim / Marshalls of CA, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

**EXHIBIT A - 27**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
### BEFORE THE STATE OF CALIFORNIA
### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Jamila Azim

DFEH No. 202111-15287503

Complainant,

vs.

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Respondents

---

**1.** Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

**3.** Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA**.

**4.** Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

-1-

*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT A - 28

1   **Complainant experienced retaliation** because complainant reported or resisted any form
of discrimination or harassment and as a result was terminated, reprimanded, suspended,
2   denied any employment benefit or privilege, denied work opportunities or assignments.

3
**Additional Complaint Details:** From about January 1, 2021 and continuing at least through
4   February 25, 2021, and continuing, I was harassed, discriminated against and retaliated
against based on my perceived and/or national origin (Afghanistan) and age (60).
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                    -2-
                            *Complaint – DFEH No. 202111-15287503*
27
Date Filed: November 3, 2021
28
                                                                    DFEH-ENF 80 RS

**EXHIBIT A - 29**

1    VERIFICATION

2    I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint.  I have read
3    the foregoing complaint and know the contents thereof.  The matters alleged are
     based on information and belief, which I believe to be true.

4    On November 3, 2021, I declare under penalty of perjury under the laws of the State
5    of California that the foregoing is true and correct.

6                                                         **Sherman Oaks, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -3-
                                  *Complaint – DFEH No. 202111-15287503*
27
     Date Filed: November 3, 2021
28

                                                              DFEH-ENF 80 RS

PROOF OF SERVICE

STATE OF CALIFORNIA      )
                               ) ss.

COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On **November 4, 2021**, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by <u>certified mail</u>, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>SEE ATTACHED MAILING LIST</u>

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on **November 4, 2021**, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
HERMINA AVAKIAN

MAILING LIST

Marshalls of CA, LLC
310 E. H Street
Chula Vista, CA 91911

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of CA, LLC
c/o CT Corporation
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Marshalls of MA, Inc.
310 E. H Street
Chula Vista, CA 91911

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
c/o CT Corporation
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
11/09/2022
CT Log Number 542651701

## Service of Process Transmittal Summary

**TO:**    Georgina Krotje
The TJX Companies, Inc.
770 COCHITUATE RD
FRAMINGHAM, MA 01701-4666

**RE:**    **Process Served in California**

**FOR:**   Marshalls of CA, LLC  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JAMILA AZIM // To: Marshalls of CA, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | San Diego County Superior Court, CA<br>Case # 37202200043330CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/25/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/09/2022 at 13:44 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Vadim Yeremenko<br>MANCINI & ASSOCIATES<br>15303 Ventura Blvd<br>Suite 600<br>Sherman Oaks, CA 91403<br>818-783-5757 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/09/2022, Expected Purge Date: 11/14/2022<br><br>Image SOP<br><br>Email Notification,  Georgina Krotje  georgina_krotje@tjx.com<br><br>Email Notification,  James Evans  james_evans@tjx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

**EXHIBIT B - 33**

**CT Corporation**
**Service of Process Notification**
11/09/2022
CT Log Number 542651701

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT B - 34



## PROCESS SERVER DELIVERY DETAILS

**Date:**                              Wed, Nov 9, 2022
**Server Name:**                       Ramiro Saucedo

| Entity Served | MARSHALLS OF CA, LLC |
|---|---|
| Case Number | 37-2022-00043330-CU-WT-CTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



EXHIBIT B - 35

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** MARSHALLS OF CA, LLC; MARSHALLS
*(AVISO AL DEMANDADO):* OF MA, INC.; and DOES 1 through
100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JAMILA AZIM,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2022** at 12:25:44 PM

Clerk of the Superior Court
By Brenda Ramirez,Deputy Clerk
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN DIEGO COUNTY SUPERIOR COURT<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER<br>*(Número del Caso):* 37-2022-00043330-CU-WT-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vadim Yeremenko, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403          (818) 783-5757

| DATE:<br>*(Fecha)* 10/28/2022 | Clerk, by<br>*(Secretario)* B. Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MARSHALLS OF CA, LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* entity form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

VADIM YEREMENKO, ESQ. (State Bar No. 269804)
vadimy@mamlaw.net
IMRAN RAHMAN, ESQ. (State Bar No. 308148)
irahman@mamlaw.net
ALEX HADJIAN, ESQ. (State Bar No. 327534)
ahadjian@mamlaw.net
**MANCINI & ASSOCIATES**
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
(818) 783-5757 | Phone
(818) 783-7710 | Fax

Attorneys for Plaintiff **JAMILA AZIM**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/26/2022** at 12:25:44 PM
Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMILA AZIM, | Case No.: 37-2022-00043330-CU-WT-CTL |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| vs. | |
| MARSHALLS OF CA, LLC; MARSHALLS OF MA, INC.; and DOES 1 through 100, Inclusive | **(1)** FOR PERCEIVED AND/OR NATIONAL ORIGIN HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA]; |
| Defendants. | **(2)** FOR PERCEIVED AND/OR AGE HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA]; |
| | **(3)** FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| | **(4)** FOR DECLARATORY RELIEF [Permanent Injunction Requested]; |
| | **JURY TRIAL DEMANDED** |
| | **UNLIMITED JURISDICTION CASE VALUE IN EXCESS OF $25,000.00** |

EXHIBIT B - 37

1    COMES NOW Plaintiff JAMILA AZIMI (hereinafter referred to as "AZIM" or

2    "Plaintiff") and complains against the above-named Defendants and for causes of action against the

3    Defendants, and each of them, and alleges as follows:

4                                              I.

5                              **FIRST CAUSE OF ACTION**

6                        (For Perceived and/or National Origin

7              Harassment, Discrimination and Retaliation in Employment

8                     [California Government Code §12940 et seq.]

9              Against All Defendants and DOES 1 Through 100, Inclusive)

10       1.      At all times mentioned herein, Plaintiff was, and now is, an individual

11   residing in the County of San Diego, State of California.

12       2.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant

13   herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other

14   Defendants as "Defendants") was and now is a Virginia limited liability company, duly registered

15   and licensed to do business in the County of San Diego, State of California.

16       3.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant

17   herein, Defendant MARSHALLS OF CA, LLC (hereinafter collectively referred to with all other

18   Defendants as "Defendants") was and now is a Massachusetts corporation, duly registered and

19   licensed to do business in the County of San Diego, State of California.

20       4.      Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

21   successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 –

22   100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

23   Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

24   the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

25   believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

26   responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

27   hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter

28   alleged.

                                              2

EXHIBIT B - 45

5.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant
herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent,
principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint
venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter
ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the
other Defendants, and was at all times mentioned herein acting within the course and scope of said
agency and employment, and that all acts or omissions alleged herein were duly committed with
the ratification, knowledge, permission, encouragement, authorization and consent of each
Defendant designated herein.

6.     At all times herein mentioned, from about 2013 until Plaintiff's wrongful
termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1
through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's
employers, managers and supervisors.

7.     At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was
over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

8.     Upon information and belief, in January of 2021 through February of 2021, Plaintiff
was the only employee of Afghan national origin at Marshalls Store #272.

9.     On or about January 31, 2021, while on her break during her shift, Plaintiff
observed two individuals in the high-end clothing department acting in a suspicious manner and
believed that they intended to shoplift.

10.     Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals
and asked her to keep an eye on them.

11.     As another customer walked into the store, one of the two suspicious individuals
started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this
individual that she needed to pay for the merchandise she was holding, but the individual pushed
Plaintiff out of the way and ran out of the store.

12.     Judith Garcia chased the shoplifter out of the store and took a picture of their
vehicle.

3

EXHIBIT B - 39

13.    Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

14.    About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

15.    Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

16.    On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter."

17.    On or about February 27, 2021, Plaintiff was notified of the termination.

18.    Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

19.    Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

20.    Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

21.    Upon information and belief, Plaintiff was replaced by Rebecca who was working as a cashier prior to Plaintiff's termination.

22.    Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s).

4.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

24.    From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or national origin, by the following continuous actions, and conduct, among others:

    a.    Subjecting Plaintiff to increased scrutiny and disciplinary actions;

    b.    Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

    c.    On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter;

    d.    Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

    e.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or national origin, as herein alleged;

    f.    Failing to rehire and/or reemploy Plaintiff;

25.    The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or national origin and the prohibition of perceived and/or national origin harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee of Afghan national origin, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or national origin harassment, discrimination and retaliation in employment.

26.    By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed

1  to investigate and/or properly investigate, prevent or remedy the perceived and/or national origin

2  harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment

3  described herein were sufficiently pervasive so as to alter the conditions of employment, and

4  created an abusive working environment. When Plaintiff was harassed, discriminated against and

5  retaliated against, Plaintiff's perceived and/or national origin and/or complaints about the unlawful

6  conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

7      27.    Plaintiff filed timely charges and complaints of perceived and/or race harassment,

8  retaliation and discrimination with the California Department of Fair Employment and Housing

9  and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California

10  Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies

11  under the California Government Code. Attached hereto and incorporated herein as Exhibit "A"

12  are said Complaints and by reference hereto are made a part hereof. Attached hereto and

13  incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made

14  a part hereof.

15      28.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

16  each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

17  California Civil Code §3333 including, but not limited to, loss of earnings and future earning

18  capacity, medical and related expenses for care and procedures both now and in the future,

19  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

20  leave of court to amend when ascertained.

21      29.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1,

22  through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

23  both internally and externally, and suffered, among other things, numerous internal injuries, severe

24  fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not

25  known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

26  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

27  informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

28  be permanent in character.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 42

30.    As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

31.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

32.    As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

33.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

34.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

/ / /

EXHIBIT B - 43

35.   As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

II.

**SECOND CAUSE OF ACTION**

**(For Perceived and/or Age**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

36.   Plaintiff incorporates herein by reference Paragraphs 1 through 35 as though set forth in full herein.

37.   At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants, and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

38.   At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

39.   Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

40.   On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

41.   Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

42.   As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

EXHIBIT B - 44

43.    Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

44.    Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

45.    About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

46.    Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

47.    On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter."

48.    On or about February 27, 2021, Plaintiff was notified of the termination.

49.    Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

50.    Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

51.    Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

52.    Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

53.    Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT B    45

1    54.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1

2  through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably

3  non-Afghan and/or a substantially younger individual(s).

4    55.    From about January 31, 2021, and continuing at least through February 27, 2021,

5  and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed,

6  and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or age, over forty (40), by

7  the following continuous actions, and conduct, among others:

8    a.    Subjecting Plaintiff to increased scrutiny and disciplinary actions;

9    b.    Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

10    c.    On or about February 25, 2021, retaliating against and wrongfully terminating

11        Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff

12        violated the company's 'shoplifting apprehension policy' which 'strictly prohibits

13        trying to stop or impede a potential shoplifter;

14    d.    Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1

15        through 100, and each of them, and each of them, replaced Plaintiff with and/or kept

16        and/or treated more favorably a non-Afghan and/or substantially younger

17        individual(s);

18    e.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's

19        perceived and/or age, as herein alleged;

20    f.    Failing to rehire and/or reemploy Plaintiff.

21    56.    The acts and conduct of Defendants, and each of them, as aforesaid, were in

22  violation of California Government Code §12940 and 12941 et seq. Said statutes impose certain

23  duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation

24  against persons, such as Plaintiff, on the basis of perceived and/or age and the prohibition of

25  perceived and/or age harassment, discrimination and retaliation. Said statutes were intended to

26  prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto,

27  an employee over the age of forty (40), and within the protected class covered by California

28  Government Code §12940 and 12941, prohibiting perceived and/or age harassment, discrimination

10

EXHIBIT B - 46

1    and retaliation in employment.

2         57.    By the acts and conduct described above, Defendants, and each of them, in violation

3    of said statutes, knew about, or should have known about, and failed to investigate and/or properly

4    investigate, prevent or remedy the perceived and/or age harassment, retaliation and discrimination.

5    The acts of discrimination, retaliation and harassment described herein were sufficiently severe

6    and/or pervasive so as to alter the conditions of employment, and created an abusive working

7    environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

8    perceived and/or age and/or complaints about the unlawful conduct was a substantial factor

9    motivating Defendants' conduct, and/or a motivating reason in Defendants' conduct.

10        58.    Plaintiff filed  timely charges and complaints of perceived and/or age harassment,

11    retaliation and discrimination with the California Department of Fair Employment and Housing

12    and has received Notice(s) of  Right to Sue in a California Superior Court pursuant to California

13    Government Code §12965(b).  Plaintiff has therefore exhausted Plaintiff's administrative remedies

14    under the California Government Code.  Attached hereto and incorporated herein as Exhibit "A"

15    are said Complaints and by reference hereto are made a part hereof.  Attached hereto and

16    incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made

17    a part hereof.

18        59.    By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

19    each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

20    California Civil Code §3333 including, but not limited to, loss of earnings and future earning

21    capacity, medical and related expenses for care and procedures both now and in the future,

22    attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

23    leave of court to amend when ascertained.

24        60.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1

25    through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

26    both internally and externally, and suffered, among other things, numerous internal injuries, severe

27    fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not

28    known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT B - 47

1   Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

2   informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

3   be permanent in character.

4       61.    As a further legal result of the acts and omissions of Defendants, and DOES 1

5   through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-

6   rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes,

7   and thereon alleges, that he will in the future be forced to incur additional expenses of the same

8   nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the

9   exact amount of said expenses at the time of trial.

10      62.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

11  since said incidents, has been unable to engage fully in Plaintiff's occupation, and is informed and

12  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

13  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

14  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

15  loss of earnings at the time of trial.

16      63.    As a further direct and legal result of the acts and conduct of Defendants, and DOES

17  1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and

18  continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,

19  embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

20  injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they

21  are ascertained.

22      64.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

23  this court.

24      65.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of

25  them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in

26  wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

27  managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and

28  with the express knowledge, consent, and ratification of managerial agents and employees

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 48

1  Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of

2  punitive and exemplary damages in an amount to be determined at the time of trial.

3      66.   As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

4  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

5  suit as specifically provided in California Government Code §12965(b).

6                                  III.

7                      THIRD CAUSE OF ACTION

8  (For Retaliation and Wrongful Termination in Violation of Public Policy

9          Against All Defendants and DOES 1-100, Inclusive)

10     67.   Plaintiff incorporates herein by reference Paragraphs 1 through 66 as though set

11  forth in full herein.

12     68.   At all times herein mentioned, the public policy of the State of California, as

13  codified, expressed and mandated in California Government Code §12940 was to prohibit

14  employers from discriminating, harassing, and retaliating against any individual based on

15  perceived and/or national origin. This public policy of the State of California is designed to protect

16  all employees and to promote the welfare and well-being of the community at large. Accordingly,

17  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

18  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

19  discrimination, retaliation and harassment, was wrongful and in contravention and violation of the

20  express public policy of the State of California, to wit: the policy set forth in California

21  Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

22     69.   At all times herein mentioned, the public policy of the State of California, as

23  codified, expressed and mandated in California Government Code §12940 was to prohibit

24  employers from discriminating, harassing, and retaliating against any individual based on

25  perceived and/or age (over 40). This public policy of the State of California is designed to protect

26  all employees and to promote the welfare and well-being of the community at large. Accordingly,

27  the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

28  retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

13

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   discrimination, retaliation and harassment, was wrongful and in contravention and violation of the

2   express public policy of the State of California, to wit, the policy set forth in California

3   Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

4        70.   By the aforesaid acts and conduct of Defendants and DOES 1 through 100,

5   inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages

6   pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future

7   earning capacity, medical and related expenses for care and procedures both now and in the future,

8   attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

9   leave of court to amend when ascertained.

10       71.   As a direct and legal result of the acts and omissions of Defendants and DOES 1

11   through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

12   disordered, both internally and externally, and suffered, among other things, numerous internal

13   injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

14   injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are

15   ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,

16   but is informed and believes, and thereon alleges, that some of the said injuries are reasonably

17   certain to be permanent in character.

18       72.   As a further legal result of the acts and omissions of Defendants and DOES 1

19   through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

20   care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

21   believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the

22   same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

23   show the exact amount of said expenses at the time of trial.

24       73.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

25   since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

26   believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

27   usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

28   which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B · 50

1    loss of earnings at the time of trial.

2    74.    As a further direct and legal result of the acts and conduct of Defendants and DOES
3    1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,
4    and continues to suffer severe and permanent emotional and mental distress and anguish,
5    humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and
6    extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the
7    same when they are ascertained.

8    75.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of
9    this court.

10    76.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and
11    each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were
12    done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done
13    by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each
14    of them, and with the express knowledge, consent, and ratification of managerial agents and
15    employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying
16    the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

17    77.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,
18    inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and
19    costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

20                                              **IV.**

21                            **FOURTH CAUSE OF ACTION**

22              **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

23    78.    Plaintiff incorporates herein by reference Paragraphs 1 through77 as though set
24    forth in full herein.

25    79.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a
26    trial and verdict  in this matter, Plaintiff hereby requests this Court issue an affirmative and binding
27    Declaration of Rights and Duties pursuant to the recent ruling in *Harris  v. City of Santa Monica*,
28    (2013) 56 C.4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

                                                15

1  them, their successors, agents, representatives, employees and all persons who acted alone, or in
2  concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed
3  acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not
4  limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved
5  and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair
6  Employment and Housing Act, California Government Code §§12900 - 12996, and any other
7  applicable laws, cases, codes, regulations and statutes.
8       80.  At the time of the request for Declaratory Relief, there exists and/or will exist a
9  present and actual controversy among the parties.
10       81.  This Complaint, and the relevant causes of action herein, specifically plead an
11  actual, present controversy, and the facts of the respective and underlying claims.
12       82.  At the time of the request for Declaratory Relief, the facts of this case will have
13  congealed to the point that the Court can determine issues and grant relief through Declaratory
14  Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.
15       83.  As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive,
16  and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling
17  permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their
18  successors, agents, representatives, employees and all persons who acted alone, or in concert with
19  said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and,
20  conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited
21  to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown
22  at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and
23  Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases,
24  codes, regulations and statutes.
25       84.  As a result of the wrongful conduct of Defendants and DOES 1 through 100,
26  inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and
27  costs of said suit as specifically provided in California Government Code § 12965(b) and as
28  specifically mentioned in *Harris v. City of Santa Monica,* (2013) 56 C 4th 203.

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B-52

**WHEREFORE**, Plaintiff **JAMILA AZIM**, prays for judgment against the Defendants and DOES 1 through 100, inclusive, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For medical expenses and related items of expense, according to proof;

3. For loss of earnings, according to proof;

4. For loss of earning capacity, according to proof;

5. For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b), according to proof;

6. For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7. For a permanent injunction against Defendants, and each of them; their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s); and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8. For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

9. For prejudgment interest according to proof;

10. For punitive and exemplary damages, according to proof;

///

///

///

17

11.    For costs of suit incurred herein; and

12.    For such other and further relief as the court may deem just and proper.

Dated: October 26, 2022                          MANCINI & ASSOCIATES
                                                 A Professional Law Corporation

                                                 By: _____
                                                    VADIM YEREMENKO, ESQ.
                                                    Attorneys for Plaintiff
                                                    **JAMILA AZIM**

## DEMAND FOR JURY TRIAL

Plaintiff **JAMILA AZIM** hereby demands trial by jury.

Dated: October 26, 2022                          MANCINI & ASSOCIATES
                                                 A Professional Law Corporation

                                                 By: _____
                                                    VADIM YEREMENKO, ESQ.
                                                    Attorneys for Plaintiff
                                                    **JAMILA AZIM**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT B - 54



**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Jamila Azim

DFEH No. 202111-15287503

Complainant,

vs.

Marshalls of CA, LLC,
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Respondents

1. Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

3. Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA**.

4. Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF.80 RS

**Complainant experienced retaliation** because complainant reported or resisted any form
of discrimination or harassment and as a result was terminated, reprimanded, suspended,
denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** From about January 1, 2021 and continuing at least through
February 25, 2021 and continuing, I was harassed, discriminated against and retaliated
against based on my perceived and/or national origin (Afghanistan) and age (60).

-2-
Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

VERIFICATION

I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On November 3, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Sherman Oaks, California

-3-
Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT B - 58

# EXHIBIT "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 3, 2021

Jamila Azim
1339 Nicolette Ave., Unit 1111
Chula Vista, CA 91913

RE:    Notice of Case Closure and Right to Sue
       DFEH Matter Number: 202111-15287503
       Right to Sue: Azim / Marshalls of CA, LLC et al.

Dear Jamila Azim:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective November 3, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5-19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

November 3, 2021

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202111-15287503
Right to Sue: Azim / Marshalls of CA, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

[DFEH-ENF 80 RS]

**EXHIBIT B - 62**

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Jamila Azim                                     DFEH No. 202111-15287503

                                   Complainant,

vs.

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

                                   Respondents

1. Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s)

3. Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA**.

4. Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT B – 63

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** From about January 1, 2021 and continuing at least through February 25, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or national origin (Afghanistan) and age (60).

-2-
Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

VERIFICATION

I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On November 3, 2021, I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Sherman Oaks, California,

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

-3-

DFEH-ENF 80 RS

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )  ss.
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On **November 4, 2021**, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by certified mail placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on **November 4, 2021** at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
HERMINA AVAKIAN

## MAILING LIST

Marshalls of CA, LLC
310 E. H Street
Chula Vista, CA 91911

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of CA, LLC
c/o CT Corporation
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Marshalls of MA, Inc.
310 E. H Street
Chula Vista, CA 91911

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
c/o CT Corporation
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:        330 W Broadway
MAILING ADDRESS:       330 W Broadway
CITY AND ZIP CODE:     San Diego, CA 92101-3827
DIVISION:              Central
TELEPHONE NUMBER:      (619) 450-7064

PLAINTIFF(S) / PETITIONER(S):    Jamila Azim

DEFENDANT(S) / RESPONDENT(S):    Marshalls of CA LLC et al.

AZIM VS MARSHALLS OF CA LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00043330-CU-WT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: John S. Meyer                                      Department: C-64

## COMPLAINT/PETITION FILED: 10/26/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/07/2023 | 10:00 am | C-64 | John S. Meyer |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110 /SDSC Local Rules, rule 2.1.5).

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear as defined in Code of Civ. Proc. §1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 112.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

| SDSC CIV-721 (Rev. 04-21) | NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | Page: 1 |
|---|---|---|

**EXHIBIT B - 68**

## NOTICE OF E-FILING REQUIREMENTS
### AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's Imaging Program. This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words IMAGED FILE, in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

(Page: 2

EXHIBIT B - 69

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY, STATE, & ZIP CODE: | San Diego, CA  92101-3827 |
| BRANCH NAME: | Central |

PLAINTIFF(S):  Jamila Azim

DEFENDANT(S):  Marshalls of CA LLC et.al.,

SHORT TITLE:  AZIM VS MARSHALLS OF CA LLC [IMAGED]

### STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)

*FOR COURT USE ONLY*

CASE NUMBER:
37-2022-00043330-CU-WT-CTL

Judge: John S. Meyer                                       Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☑ Mediation (private)                                   ☑ Binding private arbitration

☑ Voluntary settlement conference (private)     ☑ Non-binding judicial arbitration (discovery until 15 days before trial)

☑ Neutral evaluation (private)                       ☑ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.):

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)*

Alternate neutral (for court Civil Mediation Program and arbitration only):

| | |
|---|---|
| Date: | Date: |
| Name of Plaintiff | Name of Defendant |
| Signature | Signature |
| Name of Plaintiff's Attorney | Name of Defendant's Attorney |
| Signature | Signature |

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/28/2022                                      JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page:

**EXHIBIT B - 70**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00043330-CU-WT-CTL          CASE TITLE: Azim vs Marshalls of CA LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| ⬥ Saves time | ⬥ May take more time and money if ADR does not resolve the dispute |
| ⬥ Saves money | |
| ⬥ Gives parties more control over the dispute resolution process and outcome | ⬥ Procedures to learn about the other side's case (discovery) jury trial, appeal, and other court protections may be limited or unavailable |
| ⬥ Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT B - 71

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. §1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

EXHIBIT B - 72

**Wolters Kluwer**

CT Corporation
Service of Process Notification
11/09/2022
CT Log Number 542651772

## Service of Process Transmittal Summary

**TO:**    Georgina Krotje
The TJX Companies, Inc.
770 COCHITUATE RD
FRAMINGHAM, MA 01701-4666

**RE:**    **Process Served in California**

**FOR:**   Marshalls of MA, Inc.  (Domestic State: MA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Jamila Azim // To: Marshalls of MA, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | San Diego County Superior Court, CA<br>Case # 37202200043330CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/09/2022 at 13:44 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Vadim Yeremenko<br>MANCINI & ASSOCIATES<br>15303 Ventura Blvd<br>Sherman Oaks, CA 91403<br>818-783-5757 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/09/2022, Expected Purge Date: 11/14/2022<br><br>Image SOP<br><br>Email Notification,  Georgina Krotje  georgina_krotje@tjx.com<br><br>Email Notification,  James Evans  james_evans@tjx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

EXHIBIT C - 73

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
11/09/2022
CT Log Number 542651772

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT C - 74



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Wed, Nov 9, 2022
**Server Name:**                    Ramiro Saucedo

| Entity Served | MARSHALLS OF MA, INC. |
|---|---|
| Case Number | 37-2022-00043330-CU-WT-CTL |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



EXHIBIT C - 75

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** MARSHALLS OF CA, LLC; MARSHALLS
*(AVISO AL DEMANDADO):* OF MA, INC.; and DOES 1 through
100, Inclusive,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2022** at 12:25:44 PM
Clerk of the Superior Court
By Brenda Ramirez,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** JAMILA AZIM,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>SAN DIEGO COUNTY SUPERIOR COURT<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número del Caso)* 37-2022-00043330-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Vadim Yeremenko, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403                              (818) 783-5757

| DATE:<br>*(Fecha)* 10/28/2022 | Clerk, by<br>*(Secretario)* B. Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MARSHALLS OF MA, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☒ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT C - 76

1 | VADIM YEREMENKO, ESQ. (State Bar No. 269804);
  | vadimy@mamlaw.net
2 | IMRAN RAHMAN, ESQ. (State Bar No. 308148);
  | irahman@mamlaw.net
3 | ALEX HADJIAN, ESQ. (State Bar No. 327534)
  | ahadjian@mamlaw.net
4 | **MANCINI & ASSOCIATES**
  | 15303 Ventura Boulevard, Suite 600,
5 | Sherman Oaks, CA 91403
  | (818) 783-5757  Phone
6 | (818) 783-7710  Fax

7 | Attorneys for Plaintiff **JAMILA AZIM**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2022** at 12:25:44 PM

Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| JAMILA AZIM, | ) | Case No.: 37-2022-00043330-CU-WT-CTL |
| Plaintiff, | ) | **PLAINTIFF'S COMPLAINT FOR DAMAGES:** |
| vs. | ) | **(1)  FOR PERCEIVED AND/OR NATIONAL ORIGIN HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];** |
| MARSHALLS OF CA, LLC; MARSHALLS OF MA, INC.; and DOES 1 through 100, Inclusive; | ) | |
| Defendants. | ) | |
| | ) | **(2)  FOR PERCEIVED AND/OR AGE HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];** |
| | ) | **(3)  FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | ) | **(4)  FOR DECLARATORY RELIEF [Permanent Injunction Requested];** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | **UNLIMITED JURISDICTION CASE VALUE IN EXCESS OF $25,000.00** |

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 77

1  **COMES NOW** Plaintiff **JAMILA AZIM**, (hereinafter referred to as "AZIM" or

2  "Plaintiff,") and complains against the above-named Defendants and for causes of action against the

3  Defendants, and each of them, and alleges as follows:

4  I.

5  **FIRST CAUSE OF ACTION**

6  **(For Perceived and/or National Origin**

7  **Harassment, Discrimination and Retaliation in Employment**

8  **[California Government Code §12940 et seq.]**

9  **Against All Defendants and DOES 1 Through 100, Inclusive)**

10  1.  At all times mentioned herein, Plaintiff was, and now is, an individual

11  residing in the County of San Diego, State of California.

12  2.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant

13  herein, Defendant MARSHALLS OF CA, LLC (hereinafter, collectively referred to with all other

14  Defendants as "Defendants") was and now is a Virginia limited liability company, duly registered

15  and licensed to do business in the County of San Diego, State of California.

16  3.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant

17  herein, Defendant MARSHALLS OF CA, LLC (hereinafter, collectively referred to with all other

18  Defendants as "Defendants") was and now is a Massachusetts corporation, duly registered and

19  licensed to do business in the County of San Diego, State of California.

20  4.  Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

21  successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1

22  100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

23  Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

24  the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

25  believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

26  responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

27  hereinafter alleged and caused injuries and damages proximately thereby to Plaintiff, as hereinafter

28  alleged.

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 78

5.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.      At all times herein mentioned, from about 2013 until Plaintiff's wrongful termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1 through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.      At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

8.      Upon information and belief, in January of 2021 through February of 2021, Plaintiff was the only employee of Afghan national origin at Marshalls Store #272.

9.      On or about January 31, 2021, while on her break during her shift, Plaintiff observed two individuals in the high-end clothing department acting in a suspicious manner and believed that they intended to shoplift.

10.      Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals and asked her to keep an eye on them.

11.      As another customer walked into the store, one of the two suspicious individuals started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this individual that she needed to pay for the merchandise she was holding, but the individual pushed Plaintiff out of the way and ran out of the store.

12.      Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 79

13.    Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

14.    About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

15.    Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

16.    On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's shoplifting apprehension policy, which strictly prohibits trying to stop or impede a potential shoplifter.

17.    On or about February 27, 2021, Plaintiff was notified of the termination.

18.    Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

19.    Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

20.    Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

21.    Upon information and belief, Plaintiff was replaced by Rebecca who was working as a cashier prior to Plaintiff's termination.

22.    Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s)

EXHIBIT C - 80

24.   From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or national origin, by the following continuous actions, and conduct, among others:

a.   Subjecting Plaintiff to increased scrutiny and disciplinary actions;

b.   Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

c.   On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's "shoplifting apprehension policy" which "strictly prohibits trying to stop or impede a potential shoplifter;

d.   Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

e.   Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or national origin, as herein alleged;

f.   Failing to rehire and/or reemploy Plaintiff;

25.   The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and DOES 1 through 100, and each of them, concerning harassment, discrimination and retaliation against persons such as Plaintiff, on the basis of perceived and/or national origin and the prohibition of perceived and/or national origin harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee of Afghan national origin, and within the protected class covered by California Government Code §12940, prohibiting perceived and/or national origin harassment, discrimination and retaliation in employment.

26.   By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 81

1  to investigate and/or properly investigate, prevent or remedy the perceived and/or national origin

2  harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment

3  described herein were sufficiently pervasive so as to alter the conditions of employment, and

4  created an abusive working environment. When Plaintiff was harassed, discriminated against and

5  retaliated against, Plaintiff's perceived and/or national origin and/or complaints about the unlawful

6  conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

7       27.     Plaintiff filed timely charges and complaints of perceived and/or race harassment,

8  retaliation and discrimination with the California Department of Fair Employment and Housing

9  and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California

10  Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies

11  under the California Government Code. Attached hereto and incorporated herein as Exhibit "**A**"

12  are said Complaints and by reference hereto are made a part hereof. Attached hereto and

13  incorporated herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made

14  a part hereof.

15       28.     By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

16  each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

17  California Civil Code §3333 including, but not limited to, loss of earnings and future earning

18  capacity, medical and related expenses for care and procedures both now and in the future,

19  attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

20  leave of court to amend when ascertained.

21       29.     As a direct and legal result of the acts and omissions of Defendants, and DOES 1

22  through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

23  both internally and externally, and suffered, among other things, numerous internal injuries, severe

24  fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not

25  known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

26  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

27  informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

28  be permanent in character.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 82

30.    As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

31.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

32.    As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

33.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

34.    The aforementioned acts of Defendants, and DOES 1 through 100, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

///

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 83

35.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and
each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said
suit as specifically provided in California Government Code § 12965(b).

**II.**

**SECOND CAUSE OF ACTION**

**(For Perceived and/or Age**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

36.    Plaintiff incorporates herein by reference Paragraphs 1 through 35 as though set
forth in full herein.

37.    At all times herein mentioned, from about 2013 until Plaintiff's wrongful
termination on or about February 27, 2021, Plaintiff was employed by Defendants and DOES 1
through 100, inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's
employers, managers and supervisors.

38.    At all times herein alleged, Plaintiff was an immigrant from Afghanistan and was
over the age of forty (40) at sixty (60) years of age at the time of her wrongful termination.

39.    Upon information and belief, in January of 2021 through February of 2021, Plaintiff
was the only employee of Afghan national origin at Marshalls Store #272.

40.    On or about January 31, 2021, while on her break during her shift, Plaintiff
observed two individuals in the high-end clothing department acting in a suspicious manner and
believed that they intended to shoplift.

41.    Plaintiff informed her co-worker, Judith Garcia, about the suspicious individuals
and asked her to keep an eye on them.

42.    As another customer walked into the store, one of the two suspicious individuals
started running toward the exit. Plaintiff, who was standing close to the exit of the store, told this
individual that she needed to pay for the merchandise she was holding, but the individual pushed
Plaintiff out of the way and ran out of the store.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 84

43. Judith Garcia chased the shoplifter out of the store and took a picture of their vehicle.

44. Plaintiff and Judith Garcia notified Defendants' Loss Prevention Manager Suzanne about the incident.

45. About two weeks after the January 31, 2021 incident, Plaintiff received a memorandum advising her of Defendants' policies regarding shoplifters and how store employees should act in shoplifting scenarios.

46. Thereafter, Plaintiff received a call from Defendants' Loss Prevention Manager, Suzanne who asked Plaintiff about the incident and then accused Plaintiff of getting physical with the shoplifter and violating Defendants' shoplifting policy.

47. On or about February 25, 2021, Defendants, and Does 1 through 100, and each of them, wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason that Plaintiff violated the company's "shoplifting apprehension policy" which strictly prohibits trying to stop or impede a potential shoplifter."

48. On or about February 27, 2021, Plaintiff was notified of the termination.

49. Plaintiff asked her manager, Crystal Dunbar, why Plaintiff was being terminated as a result of the January 31, 2021 incident, while Judith Garcia was not. Crystal Dunbar replied that Judith Garcia "got her punishment."

50. Upon information and belief, Judith Garcia is of Mexican national origin and was between approximately twenty-five (25) and thirty (30) years of age at the time of Plaintiff's wrongful termination.

51. Upon information and belief, Judith Garcia was not terminated as a result of the January 31, 2021 incident.

52. Upon information and belief, Plaintiff was replaced by Rebecca, who was working as a cashier prior to Plaintiff's termination.

53. Upon information and belief, Rebecca is of non-Afghan national origin and was approximately twenty-four (24) years old at the time of Plaintiff's wrongful termination.

/ / /

EXHIBIT C - 85

54.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and Does 1 through 100, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably non-Afghan and/or a substantially younger individual(s).

55.    From about January 31, 2021, and continuing at least through February 27, 2021, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or age, over forty (40), by the following continuous actions, and conduct, among others:

    a.    Subjecting Plaintiff to increased scrutiny and disciplinary actions;

    b.    Failing to adequately investigate Plaintiff's complaint(s) about disparate treatment;

    c.    On or about February 25, 2021, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff violated the company's shoplifting apprehension policy which "strictly prohibits trying to stop or impede a potential shoplifter;

    d.    Plaintiff is informed and believes, and thereon alleges, that Defendants and DOES 1 through 100, and each of them, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-Afghan and/or substantially younger individual(s);

    e.    Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or age, as herein alleged;

    f.    Failing to rehire and/or reemploy Plaintiff.

56.    The acts and conduct of Defendants, and each of them, as aforesaid, were in violation of California Government Code §12940 and 12941 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or age and the prohibition of perceived and/or age harassment, discrimination and retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee over the age of forty (40), and within the protected class covered by California Government Code §12940 and 12941, prohibiting perceived and/or age harassment, discrimination

EXHIBIT C - 86

1 | and retaliation in employment.

2 | 57. By the acts and conduct described above, Defendants, and each of them, in violation

3 | of said statutes, knew about or should have known about and failed to investigate and/or properly

4 | investigate, prevent or remedy the perceived and/or age harassment, retaliation and discrimination.

5 | The acts of discrimination, retaliation and harassment described herein were sufficiently severe

6 | and/or pervasive so as to alter the conditions of employment, and created an abusive working

7 | environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

8 | perceived and/or age and/or complaints about the unlawful conduct was a substantial factor

9 | motivating Defendants' conduct, and/or a motivating reason in Defendants' conduct.

10 | 58. Plaintiff filed timely charges and complaints of perceived and/or age harassment,

11 | retaliation and discrimination with the California Department of Fair Employment and Housing

12 | and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California

13 | Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies

14 | under the California Government Code. Attached hereto and incorporated herein as Exhibit "A"

15 | are said Complaints and by reference hereto are made a part hereof. Attached hereto and

16 | incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made

17 | a part hereof.

18 | 59. By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, and

19 | each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

20 | California Civil Code §3333 including, but not limited to, loss of earnings and future earning

21 | capacity, medical and related expenses for care and procedures both now and in the future,

22 | attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

23 | leave of court to amend when ascertained.

24 | 60. As a direct and legal result of the acts and omissions of Defendants, and DOES 1

25 | through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered,

26 | both internally and externally, and suffered, among other things, numerous internal injuries, severe

27 | fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not

28 | known to Plaintiff, who will pray leave of court to insert the same when they are ascertained.

1   Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

2   informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to

3   be permanent in character.

4        61.   As a further legal result of the acts and omissions of Defendants, and DOES 1

5   through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-

6   rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes,

7   and thereon alleges, that he will in the future be forced to incur additional expenses of the same

8   nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the

9   exact amount of said expenses at the time of trial.

10        62.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

11   since said incidents, has been unable to engage fully in Plaintiff's occupation, and is informed and

12   believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

13   usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

14   which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

15   loss of earnings at the time of trial.

16        63.   As a further direct and legal result of the acts and conduct of Defendants, and DOES

17   1 through 100, and each of them, as aforesaid, Plaintiff has been caused, and did suffer, and

18   continues to suffer severe and permanent emotional and mental distress and anguish, humiliation,

19   embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

20   injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they

21   are ascertained.

22        64.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of

23   this court.

24        65.   The aforementioned acts of Defendants, and DOES 1 through 100, and each of

25   them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in

26   wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

27   managerial agents and employees of Defendants, and DOES 1 through 100, and each of them, and

28   with the express knowledge, consent, and ratification of managerial agents and employees

EXHIBIT C - 88

1    Defendants, and DOES 1 through 100, and each of them, thereby justifying the awarding of

2    punitive and exemplary damages in an amount to be determined at the time of trial.

3         66.    As a result of the discriminatory acts of Defendants, and DOES 1 through 100, and

4    each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

5    suit as specifically provided in California Government Code §12965(b).

6                                          III.

7                              **THIRD CAUSE OF ACTION**

8         **(For Retaliation and Wrongful Termination in Violation of Public Policy**

9                    **Against All Defendants and DOES 1-100, Inclusive)**

10        67.    Plaintiff incorporates herein by reference Paragraphs 1 through 66 as though set

11   forth in full herein.

12        68.    At all times herein mentioned, the public policy of the State of California, as

13   codified, expressed and mandated in California Government Code §12940 was to prohibit

14   employers from discriminating, harassing, and retaliating against any individual based on

15   perceived and/or national origin. This public policy of the State of California is designed to protect

16   all employees and to promote the welfare and well-being of the community at large. Accordingly,

17   the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

18   retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

19   discrimination, retaliation and harassment was wrongful and in contravention and violation of the

20   express public policy of the State of California, to wit: the policy set forth in California

21   Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

22        69.    At all times herein mentioned, the public policy of the State of California, as

23   codified, expressed and mandated in California Government Code §12940 was to prohibit

24   employers from discriminating, harassing, and retaliating against any individual based on

25   perceived and/or age (over 40). This public policy of the State of California is designed to protect

26   all employees and to promote the welfare and well-being of the community at large. Accordingly,

27   the actions of Defendants and DOES 1 through 100, inclusive, and each of them, in discriminating,

28   retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such

13

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 89

1    discrimination, retaliation and harassment, was wrongful and in contravention and violation of the

2    express public policy of the State of California, to wit, the policy set forth in California

3    Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

4        70.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100,

5    inclusive, and each of them, Plaintiff has been directly and legally caused to suffer actual damages

6    pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future

7    earning capacity, medical and related expenses for care and procedures both now and in the future,

8    attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

9    leave of court to amend when ascertained.

10       71.    As a direct and legal result of the acts and omissions of Defendants and DOES 1

11   through 100, inclusive, and each of them, Plaintiff was rendered sick, sore, lame, disabled and

12   disordered, both internally and externally, and suffered, among other things, numerous internal

13   injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said

14   injuries are not known to Plaintiff, who will pray leave of court to insert the same when they are

15   ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries,

16   but is informed and believes, and thereon alleges, that some of the said injuries are reasonably

17   certain to be permanent in character.

18       72.    As a further legal result of the acts and omissions of Defendants and DOES 1

19   through 100, inclusive, and each of them, Plaintiff has been forced to incur expenses for medical

20   care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and

21   believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the

22   same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

23   show the exact amount of said expenses at the time of trial.

24       73.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

25   since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

26   believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

27   usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

28   which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 90

1    loss of earnings at the time of trial.

2        74.    As a further direct and legal result of the acts and conduct of Defendants and DOES

3    1 through 100, inclusive, and each of them, as aforesaid, Plaintiff has been caused, and did suffer,

4    and continues to suffer severe and permanent emotional and mental distress and anguish,

5    humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and

6    extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the

7    same when they are ascertained.

8        75.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

9    this court.

10        76.    The aforementioned acts of Defendants and DOES 1 through 100, inclusive, and

11    each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were

12    done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done

13    by managerial agents and employees of Defendants and DOES 1 through 100, inclusive, and each

14    of them, and with the express knowledge, consent, and ratification of managerial agents and

15    employees of Defendants and DOES 1 through 100, inclusive, and each of them, thereby justifying

16    the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

17        77.    As a result of the discriminatory acts of Defendants and DOES 1 through 100,

18    inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

19    costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

20    **IV.**

21    **FOURTH CAUSE OF ACTION**

22    **(For Declaratory Relief Against All Defendants and DOES 1-100, Inclusive)**

23        78.    Plaintiff incorporates herein by reference Paragraphs 1 through 77 as though set

24    forth in full herein.

25        79.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a

26    trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding

27    Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*,

28    (2013) 56 C 4th 203, declaring that Defendants and DOES 1 through 100, inclusive, and each of

15

EXHIBIT C - 91

1  them, their successors, agents, representatives, employees and all persons who acted alone, or in

2  concert with said Defendants and DOES 1 through 100, inclusive, and each of them, committed

3  acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not

4  limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved

5  and/or shown at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair

6  Employment and Housing Act, California Government Code §§12900 - 12996, and any other

7  applicable laws, cases, codes, regulations and statutes.

8      80.    At the time of the request for Declaratory Relief, there exists and/or will exist a

9  present and actual controversy among the parties.

10      81.    This Complaint, and the relevant causes of action herein, specifically plead an

11  actual, present controversy, and the facts of the respective and underlying claims.

12      82.    At the time of the request for Declaratory Relief, the facts of this case will have

13  congealed to the point that the Court can determine issues and grant relief through Declaratory

14  Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

15      83.    As a result of the wrongful acts of Defendants and DOES 1 through 100, inclusive,

16  and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling

17  permanently enjoining Defendants and DOES 1 through 100, inclusive, and each of them, their

18  successors, agents, representatives, employees and all persons who acted alone, or in concert with

19  said Defendants and DOES 1 through 100, inclusive, and each of them, from committing acts and

20  conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited

21  to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown

22  at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair Employment and

23  Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases,

24  codes, regulations and statutes.

25      84.    As a result of the wrongful conduct of Defendants and DOES 1 through 100,

26  inclusive, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and

27  costs of said suit as specifically provided in California Government Code § 12965(b) and as,

28  specifically mentioned in *Harris* v. *City of Santa Monica*, (2013) 56 C 4th 203.

16

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT C - 92

**WHEREFORE**, Plaintiff **JAMILA AZIM**, prays for judgment against the Defendants and DOES 1-through 100, inclusive, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For medical expenses and related items of expense, according to proof;

3. For loss of earnings, according to proof;

4. For loss of earning capacity, according to proof;

5. For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b), according to proof;

6. For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7. For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and/or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8. For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965(b) and as specifically mentioned in *Harris v. City of Santa Monica* (2013) 56 C 4th 203;

9. For prejudgment interest according to proof;

10. For punitive and exemplary damages, according to proof;

///

///

///

17

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT C - 93

1    11.    For costs of suit incurred herein; and

2    12.    For such other and further relief as the court may deem just and proper.

3

4

Dated: October 26, 2022                          MANCINI & ASSOCIATES

5                                                A Professional Law Corporation

6

7                                                By: *[signature]*

8                                                   VADIM YEREMENKO, ESQ.
                                                    Attorneys for Plaintiff
9                                                   **JAMILA AZIM**

10

11

12                          **DEMAND FOR JURY TRIAL**

13    Plaintiff **JAMILA AZIM** hereby demands trial by jury.

14

15   Dated: October 26, 2022                          MANCINI & ASSOCIATES

16                                                A Professional Law Corporation

17

18                                                By: *[signature]*
                                                    VADIM YEREMENKO, ESQ.
19                                                  Attorneys for Plaintiff
                                                    **JAMILA AZIM**
20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT C - 94

# EXHIBIT "A"

EXHIBIT C - 95

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
### BEFORE THE STATE OF CALIFORNIA
### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
#### Under the California Fair Employment and Housing Act
#### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of

Jamila Azim

DFEH No. 202111-15287503

Complainant,

vs.

Marshalls of CA, LLC,
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road,
Framingham, MA 01701

Respondents

1. Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s).

3. Complainant **Jamila Azim** resides in the City of **Chula Vista**, State of **CA**.

4. Complainant alleges that on or about **February 25, 2021** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

-1-

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF-80-RS

EXHIBIT C - 96

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** From about January 1, 2021 and continuing at least through February 25, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or national origin (Afghanistan) and age (60).

-2-

Complaint - DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT C - 97

1  VERIFICATION

2  I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read
   the foregoing complaint and know the contents thereof. The matters alleged are
3  based on information and belief, which I believe to be true.

4  On November 3, 2021, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.
5

6                                                    Sherman Oaks, California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                      -3-
                          *Complaint - DEEH No. 202111-15287503*
27
   Date Filed: November 3, 2021
28

                                                              DFEH-ENF 80 RS

EXHIBIT C - 98

# EXHIBIT "B"

EXHIBIT C - 99

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 3, 2021

Jamila Azim
1339 Nicolette Ave., Unit 1111
Chula Vista, CA 91913

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202111-15287503
      Right to Sue: Azim / Marshalls of CA, LLC et al.

Dear Jamila Azim:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective November 3, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete. To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

EXHIBIT C -100



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

[DFEH-ENF 80 RS]

EXHIBIT C -101



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 3, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202111-15287503
Right to Sue: Azim / Marshalls of CA, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

**EXHIBIT C -102**

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Jamila Azim

DFEH No. 202111-15287503

Complainant,

vs.

Marshalls of CA, LLC
770 Cochituate Road
Framingham, MA 01701

Marshalls of MA, Inc.
770 Cochituate Road
Framingham, MA 01701

Respondents

1. Respondent **Marshalls of CA, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** business as Co-Respondent(s)

3. Complainant **Jamila Azim**, resides in the City of **Chula Vista**, State of **CA**

4. Complainant alleges that on or about **February 25, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), age (40 and over).

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

*Complaint – DFEH No. 202111-15287503*

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT C -103

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** From about January 1, 2021 and continuing at least through February 25, 2021, and continuing, I was harassed, discriminated against and retaliated against based on my perceived and/or national origin (Afghanistan) and age (60).

-2-

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

DFEH-ENF 80 RS

EXHIBIT C -104

VERIFICATION

I, **Vadim Yeremenko**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On November 3, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Sherman Oaks, California,

Complaint – DFEH No. 202111-15287503

Date Filed: November 3, 2021

-3-

DFEH-ENF, 60 RS

EXHIBIT C - 105

PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

On November 4, 2021, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by certified mail, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

Executed on November 4, 2021, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HERMINA AVAKIAN

EXHIBIT C -106

## MAILING LIST

1

2  Marshalls of CA, LLC
3  310 E. H. Street
   Chula Vista, CA 91911
4
5  Marshalls of CA, LLC
   770 Cochituate Road
6  Framingham, MA 01701
7  Marshalls of CA, LLC
   c/o CT Corporation
8  330 N. Brand Blvd., Suite 700
   Glendale, CA 91203
9
10 Marshalls of MA, Inc.
11 310 E. H. Street
   Chula Vista, CA 91911
12
13 Marshalls of MA, Inc.
   770 Cochituate Road
14 Framingham, MA 01701
15 Marshalls of MA, Inc.
16 c/o CT Corporation
   330 N. Brand Blvd., Suite 700
17 Glendale, CA 91203
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT C -107

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7064 | |

| PLAINTIFF(S) / PETITIONER(S): Jamila Azim |
|---|

| DEFENDANT(S) / RESPONDENT(S): Marshalls of CA LLC et.al. |
|---|

| AZIM VS MARSHALLS OF CA LLC [IMAGED] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00043330-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: John S. Meyer                                    Department: C-64

**COMPLAINT/PETITION FILED:** 10/26/2022

Cal (ln)

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/07/2023 | 10:00 am | C-64 | John S. Meyer |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
 • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
 • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
 • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC CIV-721 (Rev. 04-21)  **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE**  Page: 1
**(CIVIL)**

EXHIBIT C -108

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

EXHIBIT C -109

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

PLAINTIFF(S): Jamila Azim

DEFENDANT(S): Marshalls of CA LLC et.al.

SHORT TITLE: AZIM VS MARSHALLS OF CA LLC [IMAGED]

**STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)**

CASE NUMBER:
37-2022-00043330-CU-WT-CTL

Judge: John S. Meyer                                          Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g.: private mini-trial, private judge, etc.):

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)

Alternate neutral (for court Civil Mediation Program and arbitration only):

| Date: | Date: |
|---|---|
| | |
| Name of Plaintiff | Name of Defendant |
| | |
| Signature | Signature |
| | |
| Name of Plaintiff's Attorney | Name of Defendant's Attorney |
| | |
| Signature | Signature |

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

| Dated: | 10/28/2022 | | JUDGE OF THE SUPERIOR COURT |
|---|---|---|---|

SDSC CIV-359 (Rev 12-10)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

**EXHIBIT C -110**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00043330-CU-WT-CTL        CASE TITLE: Azim vs Marshalls of CA LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case.

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | ☑ May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | ☑ Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT C -111

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

**On-line mediator search and selection:** Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially-supervised settlement conference presents a substantial opportunity for settlement; and, (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2. for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

**More information about court-connected ADR:** Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.).
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT C -112

1　SEYFARTH SHAW LLP
　　Jonathan L. Brophy (SBN 245223)
2　E-mail:  jbrophy@seyfarth.com
　　Shardé T. Skahan (SBN 286157)
3　E-mail:  sskahan@seyfarth.com
　　2029 Century Park East, Suite 3500
4　Los Angeles, California 90067-3021
　　Telephone:  (310) 277-7200
5　Facsimile:   (310) 201-5219

6　Attorneys for Defendants
　　MARSHALLS OF CA, LLC and MARSHALLS OF MA,
7　INC.

8

9　　　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

10　　　　　　　　　　FOR THE COUNTY OF SAN DIEGO

11

| | |
|---|---|
| 12　JAMILA AZIM,<br><br>13　　　　　　　Plaintiff,<br><br>14　　　　v.<br><br>15　MARSHALLS OF CA, LLC; MARSHALLS OF MA, INC.; and DOES 1 through 100, Inclusive,<br><br>16<br>17　　　　　　　Defendants.<br>18 | Case No. 37-2022-00043330-CU-WT-CTL<br><br>HON. JOHN S. MEYER ; DEPT. C-64<br><br>**DEFENDANTS MARSHALLS OF CA, LLC AND MARSHALLS OF MA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: October 26, 2022<br>Trial Date:　　None Set |

19
20
21
22
23
24
25
26
27
28

89187589v.1

EXHIBIT D -113

Defendants MARSHALLS OF CA, LLC AND MARSHALLS OF MA, INC. ("Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby submit their Answer to the Complaint of Plaintiff JAMILA AZIM and state as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, deny that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendants.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege as follows, without assuming the burden of proof on any defense on which they would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Agreement To Arbitrate - All Causes Of Action)

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is subject to binding arbitration pursuant to an agreement between Plaintiff and Defendants.  Defendants' filing of this Answer should not be construed as a waiver of their right to seek to compel arbitration and to stay or dismiss the claims against Defendants in this litigation based on the arbitration agreement. Defendants intend to exercise their right to move this action to arbitration with Plaintiff's consent or by an order of the Court, as necessary.

## SECOND DEFENSE

### (Failure To State A Cause Of Action - All Causes Of Action)

2.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

## THIRD DEFENSE

### (Statute Of Limitations - All Causes Of Action)

3.      Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965.

89187589v.1

**EXHIBIT D -114**

## FOURTH DEFENSE

### (Failure To Exhaust Administrative Remedies - All Causes Of Action)

4.     Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit.

## FIFTH DEFENSE

### (Laches - All Causes Of Action)

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing her claims.

## SIXTH DEFENSE

### (Waiver - All Causes Of Action)

6.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE

### (Estoppel - All Causes Of Action)

7.     Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendants.

## EIGHTH DEFENSE

### (Unclean Hands - All Causes Of Action)

8.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH DEFENSE

### (Ratification - All Causes Of Action)

9.     Plaintiff's Complaint and each cause of action alleged therein, is barred on the ground that Plaintiff ratified Defendants' alleged actions.

## TENTH DEFENSE

### (Failure To Mitigate Damages - All Causes Of Action)

10.     Defendants allege, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged

2

89187589v.1

EXHIBIT D -115

in her Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendants.

**ELEVENTH DEFENSE**

**(Failure To Exercise Reasonable Preventive Corrective Opportunities - All Causes Of Action)**

11.   To the extent any of Defendants' employees or agents engaged in unlawful discriminatory, retaliatory, or harassing behavior toward Plaintiff, Defendants are not liable for any such discrimination, retaliation, or harassment or Plaintiff's damages must be reduced, because Defendants exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

**TWELFTH DEFENSE**

**(Workers' Compensation Preemption - All Causes Of Action)**

12.   Plaintiff's claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code § 3200, *et seq*., inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of her alleged employment with Defendants, and injuries alleged by Plaintiff to have been proximately caused by her employment with Defendants.

**THIRTEENTH DEFENSE**

**(After-Acquired Evidence - All Causes Of Action)**

13.   Plaintiff's claims are barred, or her damages, if any, are limited, to the extent she engaged in any misconduct of which Defendants were unaware that provides independent legal cause for the changes in her employment.

///

///

///

DEFENDANTS' ANSWER TO COMPLAINT

89187589v.1

**EXHIBIT D** -116

**FOURTEENTH DEFENSE**

**(Prompt Remedial Action - All Causes Of Action)**

14.      Defendants took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendants had to Plaintiff, if any at all.

**FIFTEENTH DEFENSE**

**(Legitimate Non-Discriminatory Actions - All Causes of Action)**

15.      Plaintiff's claims are barred, in whole or in part, because Defendants had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

**SIXTEENTH DEFENSE**

**(Mixed Motive - All Causes Of Action)**

16.      Even if Plaintiff should prove that her alleged disability or any other protected status was a substantial factor motivating the challenged employment actions, which Defendants deny; the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

**SEVENTEENTH DEFENSE**

**(Award Of Punitive Damages Is Unconstitutional - All Causes Of Action)**

17.      To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the rights of Defendants to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

**EIGHTEENTH DEFENSE**

**(Setoff And Recoupment - All Causes Of Action)**

18.      To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to

DEFENDANTS' ANSWER TO COMPLAINT

89187589v.1

EXHIBIT D -117

offset all overpayments and/or all obligations that Plaintiff owed to Defendants against any judgment
that may be entered against Defendants.

### NINETEENTH DEFENSE

#### (Offset - All Causes Of Action)

19.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,
is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff
received from any source under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57
Cal. 2d 57 (1961), and its progeny.

### TWENTIETH DEFENSE

#### (Managerial Privilege - All Causes Of Action)

20.     Any injuries Plaintiff sustained as a result of any action by Defendants is barred to the
extent that any and all decisions made and actions taken were in the exercise of proper managerial
discretion and in good faith.

### TWENTY-FIRST DEFENSE

#### (Adequate Legal Remedy - All Causes Of Action)

21.     Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate
remedy at law.

### TWENTY-SECOND DEFENSE

#### (Failure To State A Claim For Relief Sought - All Causes Of Action)

22.     Plaintiff's Complaint fails to properly state a claim for injunctive, equitable, declaratory,
or other relief sought.

### TWENTY-THIRD DEFENSE

#### (Avoidable Consequences - All Causes Of Action)

23.     Plaintiff's claims are barred, in whole or in part, on the grounds that Defendants, at all
relevant times, exercised reasonable care to prevent and immediately correct any harassing,
discriminatory, or retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage
of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

89187589v.1

**EXHIBIT D -118**

## TWENTY-FOURTH DEFENSE

### (Failure to Inform Supervisor or Employer of Alleged Violations - All Causes of Action)

24.     Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendants of any alleged unlawful conduct or purported complaints prior to filing a lawsuit.  Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time she filed her claims.

## TWENTY-FIFTH DEFENSE

### (Improper Venue)

25.     Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff filed her Complaint in an improper venue.

## RESERVATION OF RIGHTS

Defendants do not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendants further reserve the right to amend their answer or defenses accordingly and/or to delete defenses that they determine are not applicable during the course of discovery.

///

///

///

///

///

///

///

///

///

///

///

6

DEFENDANTS' ANSWER TO COMPLAINT

89187589v.1

**EXHIBIT D -119**

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by her Complaint;

2.      That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.      That Defendants be awarded reasonable attorneys' fees according to proof;

4.      That Defendants be awarded their costs of suit incurred herein; and

5.      That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED:  December 7, 2022                    SEYFARTH SHAW LLP

By: _____
      Jonathan L. Brophy
      Shardé T. Skahan
Attorneys for Defendants
MARSHALLS OF CA, LLC and MARSHALLS
OF MA, INC.

DEFENDANTS' ANSWER TO COMPLAINT

89187589v.1

EXHIBIT D -120

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                    )
                                                          )    SS

3

COUNTY OF LOS ANGELES              )

4

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California

5

90067-3021.  On December 7, 2022, I served the within document(s):

6

DEFENDANTS MARSHALLS OF CA, LLC AND MARSHALLS OF MA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

7

8

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

9

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

11

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

12

13

☒   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

14

15

Vadim Yeremenko                 Attorneys for Plaintiff JAMILA AZIM
Imran Rahman

16

Alex Hadjian                          Tel. (818) 783-5757; Fax (818) 783-7710

17

MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600     Email(s): vadimy@mamlaw.net;

18

Sherman Oaks, CA  91403                    irahman@manlaw.net;
                                     ahadjian@mamlaw.net

19

20

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with

21

postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

     Executed on December 7, 2022, at Los Angeles, California.

25

_____
                         Fern Jenkins

26

27

28

**EXHIBIT D -121**

Los Angeles County Superior Court, Family Law, Adoptions, Juvenile Delinquency and Probate departments will be conducting maintenance to their eFiling system beginning on Friday, Dece 5:30pm through Saturday, December 10th at 5pm PST. Users will not be able to eFile into LASC Family Law, Adoptions, Juvenile Delinquency and Probate case types during this maintenan

# NATIONWIDE LEGAL

My Profile | Help (/Help/Operations) | Logout (/M

(/Home)

| Incoming (/Operations/Orders/OPSIncomingOrders) | Pending (/Operations/Orders/OPSPendingOrders) | Executed (/Operations/Orders/OPSExecutedOr |

(/Home)   Closed (/Operations/Orders/OPSClosedOrders)    Cases (/Operations/Orders/OPSCases)    Place Order (/NewOrder/Index)
Customer: LA239 - Seyfarth Shaw, LLP / CC

**What would you like us to do?**   eFiling

| Order Info | Case Info | Case Participants | Documents | Court Fees | Order Details |

**Order Summary**

eFiling (Existing Case)

**County:** San Diego

## Thank you for your order(s)

Your order number(s): **6808772**

For your reference, you will receive an Order Confirmation by email.

If you would like further assistance, please contact our Customer Support at (213) 249-9999 Monday – Friday between the hours of M-F 9 AM to 5:00 PM Pacific.

[ Back to Manage Cases ]

[ « Previous ]   [ Submit ]     [ Save As Draft ]

**Case Info:**
Case Number: 37-2022-00043330-CU-WT-C
Case Name: Azim vs Marshalls of CA LLC [I
Category: Civil - Unlimited
Case Type: Wrongful Termination

**Case Participants:**
Marshalls of CA LLC, Defendant **(Client)**
MARSHALLS OF MA INC, Defendant
Azim, Jamila, Plaintiff
Brophy, Jonathan, Attorney

**Document(s):**
Answer

**Estimated Court Fees:**
Total fees: $438.00

**Order Details:**
Notify:
  efile3 3
Special Instructions:

Terms of Service (/SecureContent?s3DocPath=https://legalconnect.s3.amazonaws.com/tenantlogos/legalconnect/docs/LegalConnectTermsOfService.pdf) | Support Policy (/SecureContent?s3DocPath=https://legalconnect.s3.amazonaws.com/tenantlogos/legalconnect/docs/LegalConnectSupportPolicy.pdf)

Powere
LEGAL

**EXHIBIT D -122** 1/2

Nationwide Legal, LLC

Ver 8.0.3

EXHIBIT D -123

2/2